## PATRICK HEFFRON

### v.

## FLOWER, REMY & HOLSTEIN.

*Practice—Receiver—Employment of Counsel for Complainant by—Fees
—Payment of—Master's Report—Exceptions—Partnership—Dissolution
of.*

A receiver in proceedings touching the dissolution of a partnership
should not employ the attorney of the complainant in the bill filed with that
end in view.

[Opinion filed December 24, 1889.]

APPEAL from the Superior Court of Cook County; the
Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. OSBORNE BROS. & BURGETT, for appellant.

" The courts have usually been adverse to allowing a
receiver to employ as his counsel the counsel of either party
to the cause, when there are conflicting interests. And when
counsel for the plaintiff, in an action for a dissolution of a
partnership, had also acted as associate counsel to the receiver,
the court refused to allow a claim for compensation for such
services." Adams v. Wood, 8 Cal. 306; Merchants etc., Bk.
v. Kent, 43 Mich. 292, 297; High on Receivers (2d Ed.,) Sec.
216.

In Baker v. Backus, our own Supreme Court said : " There was a fatal objection to the person appointed as receiver.    He was not disinterested; he was the legal adviser of the complainant, and framed the bill.    *    *    *    All these disqualified him, and he should not have been appointed."    If the legal adviser of complainant could not act as receiver he could not act as attorney to the receiver.    Baker v. Backus, 32 Ill. 79, 115.

" The practice in equity does not permit the receiver to employ a solicitor in the case as his own counsel, lest it might disarm his vigilance in watching the receiver's proceedings."    (Citing Ryckman v. Parkins, 5 Paige, 543; Adams v. Woods, 8 Cal. 306.)    Merchants, etc., Bank v. Kent, 43 Mich. 292, 297; Benneson v. Bill, 62 Ill. 409, 411.

" The solicitors of the several parties are bound in duty to their clients to watch the proceedings of the receiver, and to see that he faithfully discharges his trust.    The undertaking to act as the solicitor or counsel of the receiver under such circumstances would, therefore, frequently cast upon the person thus assuming to act, inconsistent and conflicting duties, both of which could not be properly discharged by the same person.    As between party and party, the counsel for the complainant has, in no case, a right to be paid extra counsel fees out of a fund belonging (in part) to a defendant, except where the counsel has been employed *to obtain or create such fund* for the joint benefit of both parties.    *    *    *    The application for counsel fees must therefore be rejected."    Ryckman v. Parkins, 5 Paige, 543, 545; Merchants, etc., Bank v. Kent, 43 Mich. 292, 297.

" The same reasons which suffice to render the legal adviser of one of the parties to an action ineligible to be appointed receiver (see Baker v. Backus, 32 Ill. 79, 115; Benneson v. Bill, 62 Ill. 409, 411; Merchants, etc., Bk. v. Kent, 43 Mich. 292) also operate to prevent him from being allowed to act as counsel for the receiver.    Besides, his interest in the final result of the controversy, his duty to protect and enforce the rights of one of the parties will, in most cases, if he should act as counsel for the receiver, be likely to

impose upon him conflicting and inconsistent duties such as can not be properly performed by one person." Beach on Receivers, Sec. 262; High on Receivers (2d Ed.), Sec. 216; Adams v. Woods, 8 Cal. 306; Merchants, etc., Bk. v. Kent, 43 Mich. 292, 297; Blair v. St. Louis, etc., Ry., 20 Fed. Rep. 348, 349; Matter of Ainsley, 1 Edw. Ch. 576; Ray v. Malcomb, 2 Id. 165; Ryckman v. Parkins, 5 Paige, 543; Moore v. O'Loghlin, 3 Law Reports (Ireland), 405, 407.

Receiver should not retain the counsel of either party, especially where their interests conflict, because the receiver's counsel should be entirely disinterested in the matter; and where he does retain the counsel of either party, the court may refuse to credit him with their fees. Beach on Receivers, Sec. 751; High on Receivers (2d Ed.), Sec. 216; Adams v. Woods, 8 Cal. 306.

"It is urged that the attorney for the plaintiff (in a suit to foreclose a mortgage) should be authorized to act for the receiver, inasmuch as the plaintiff is specially interested in defeating all claims adverse to plaintiff's rights and securing an economical administration of the estate. To this it must be answered that he represents his own client, and the latter can employ him and pay him accordingly if desired, but can not fasten his compensation on a fund in which he has not the *sole* interest, but only a partial or adverse interest. His appointment might be wholly inconsistent with his duties as plaintiff's counsel." Blair v. St. Louis, etc., Ry., 20 Fed. Rep. 348, 349, per Treat, J.

Mr. HARRISON MUSGRAVE, for appellees.

Section 217 of High on Receivers, 2d edition, being the section immediately following the one to which counsel for the appellant have referred, reads as follows:

"It is to be observed, however, that the rule, as above stated, prohibiting a receiver from employing the counsel of either party in the cause, is limited in its application to cases where the receiver is acting adversely to one of the parties to the litigation, since it is only in such cases that there can be any impropriety in the employment of such counsel by the

Heffron v. Flower, Remy & Holstein.

receiver.   And the rule is intended only for the protection of the rights of the parties themselves, and can not be invoked by a stranger to the original action in which the receiver was appointed.   Where, therefore, no objection is urged by such parties, the receiver may employ the counsel of either of them to aid him in the discharge of his trust." .

We quote also from section 262, being the same section referred to by counsel in Beach on Receivers, and giving the balance of the section, which reads as follows:

"This rule, prohibiting a receiver from employing the solicitor of either of the parties to the suit in which he is appointed, is intended to protect the rights of all the parties; and, if they do not object, the receiver may employ the solicitor of either party to aid him in the discharge of his trust."

And section 263, by the same author, reads as follows:

"So far as this rule rests upon the diversity of interest of the parties, it has been modified by the courts in such a way that a receiver may without impropriety be represented by the attorney of a party, unless the interests of the receiver and such party are adverse.   In a late case, the court, referring to the decision last cited in which this position was taken said : 'The general rule that a receiver should not employ the counsel of either of the parties to a litigation in which he is appointed is subject to certain limitations.   It is only when the receiver is acting adversely to one of the parties, that it has ever been supposed there was any impropriety in employing the counsel of the other.' "

There is nothing in this case to show that the receiver was acting adversely to either of the parties to this suit; and under this rule, there was no impropriety in the receiver's employing the solicitors of either party as his counsel.   Moreover, it is apparent that, long before any application was made by appellees for compensation for their services as counsel for the receiver, the appellant was advised of the fact that they were so acting, and took no exception to it until after such application.   It seems to us perfectly clear that up to the time objection was made, the receiver's counsel are entitled to compensation for their services.

GARNETT, J. January 9, 1889, James J. Gore by his solicitors, Flower, Remy & Holstein, filed his bill in equity in the Superior Court, alleging a partnership between himself and Patrick H. Heffron in certain leaseholds of lots in the city of Chicago, in the hotel buildings thereon, and in the hotel business carried on therein, and praying for a dissolution of the partnership and the appointment of a receiver, for the partnership business and assets. Heffron answered, denying the partnership and the facts relied upon by Gore for the appointment of a receiver.

On January 22d James H. Rice was appointed receiver by order of the court, and January 25th leave was given him to employ counsel. He employed Flower, Remy & Holstein, without notice (so far as appears) to Heffron or his counsel. Appellees presented to the court in June, a bill against the receiver for retainer, counsel fees, and $1, paid for certified copy of the order of appointment. Over the objection of appellant, the petition was referred to a master, who reported that the sum of $850 should be allowed the petitioners for their services. The report was confirmed and the receiver ordered to pay petitioners the sum of $850. Appellant's rights in the premises were properly preserved by exception to the report. One of the exceptions calls in question the right of the receiver to employ the counsel of complainant in the bill. The record shows no withdrawal of appellees as counsel for Gore, and the latter testified before the master that they were then his attorneys. The differences between Gore and Heffron are not merely of a pecuniary nature, but they seem to involve much personal bitterness.

The counsel of the receiver in such a case should be as far as possible removed from the temptation to partiality. He should be free from that personal bias which might at a critical passage, induce him to give advice prejudicial to one of the litigants, when another course could have been adopted, consistent with the interests of both. The duty of complainant's counsel is to guard his interests at all times, and against all persons, by all honorable means. Faithfulness in their engagement to him can not be, if they are allowed to repre-

sent the receiver, and his duty required action that complainant disapproved. In that event, which client would appellees serve? It may be said that when such a dilemma is presented, they would choose one, and discharge themselves from obligation to another. If the dilemma was clearly seen, no doubt they would so act; but selfish interest is liable to conceal such difficulty, or to present it as a temporary matter, or as a thing of slight importance, and so the law saves the painful necessity of decision by forbidding the double employment. The rule is given adversely to appellees in High on Receivers, Sec. 216, where the author says, " The receiver should not employ the counsel of either of the parties to the litigation in which he was appointed, since, their duty being to protect the interests of their respective clients, and to watch the receiver's proceedings, to the end that a faithful performance of his duties may be insured, they are not regarded as competent to act as counsel for the receiver, and their undertaking to act in such a capacity might frequently cast upon them inconsistent and conflicting duties, which could not be properly discharged by one and the same person."

An apt illustration of the fitness of this rule is found in a query of the Supreme Court of California in Adams v. Woods, 8 Cal. 320 : " Suppose that Adams " (complainant) " should wish to call in question the acts of the receiver in those very cases where Shafter & Park " (Park being complainant's solicitor) " advised and acted as his counsel." The petition there was by Edward Stanley, counsel employed by the receiver, for compensation for legal services rendered the receiver. In the account presented was an item for services of associate counsel, and the associate counsel were Shafter & Park. The claim for services of the associate counsel was denied, the court saying (p. 322): " The practice, if tolerated, would lead inevitably to the most melancholy abuses. Attorneys are officers of the court, and it is its highest duty to see that its own officers conduct themselves properly; and that this end may be obtained, the court should inflexibly discountenance every practice that may tend to bring reproach upon the administration of justice."

The Supreme Court of this State has held that the solicitor for complainant should not be appointed receiver in the suit. Baker v. The Adm'r of Backus, 32 Ill. 115; Benneson v. Bill, 62 Ill. 408; and in Beach on Receivers, Sec. 262, it is said: " The same reasons which suffice to render the legal adviser of one of the parties to an action ineligible to be appointed receiver, operate also to prevent him from being allowed to act as counsel for the receiver."

There may be an exception to the rule that controls this case, as where all the parties to the suit are advised of the employment of complainant's solicitor by the receiver, and expressly or tacitly consent thereto. But this record does not require any opinion on that point.

The decree is erroneous, and is reversed and the cause remanded.

*Reversed and remanded.*