Voshmik, Respondent, vs. Urquhart, Garnishee, Appellant.

*November 12 — November 26, 1895.*

*Partnership: Evidence: Voluntary assignment when one partner has absconded.*

1. Contrary to findings of the trial court in this case, it is *held* that the clear preponderance of the evidence shows that the principal defendant, H., and one M. were partners in business and owners of the Taylor County Bank when a voluntary assignment of all the property of the bank was made by H. on behalf of himself and M. as such partners.

2. One partner in a private banking business having suddenly left town and abandoned the business because he knew the bank would have to close its doors, the remaining partner, finding the business insolvent, might make a valid assignment of the firm property, consisting of personalty, for the benefit of creditors.

Appeal from a judgment of the circuit court for Taylor county: John K. Parish, Circuit Judge. *Reversed.*

Garnishment. The Taylor County Bank was a private banking institution at Medford, Taylor county, in July, 1893, and for several years prior thereto. On July 24, 1893, the bank closed its doors, and the defendant, Hartmann, made a voluntary assignment of all its property to the garnishee,

*Urquhart*, on behalf of himself and one Matt, as copartners doing business under the firm name of the Taylor County Bank. *Urquhart* immediately qualified as assignee, and took possession of the property of the bank, consisting of notes, bills, open accounts, etc. The plaintiff, *Voshmik*, was a creditor of the Taylor County Bank to an amount exceeding $6,000, and commenced action against Hartmann to recover the same, August 2, 1893, and at the same time garnished the assignee, *Urquhart*. The garnishee justified under his assignment, and issue was taken thereon.

Upon trial of the issue, the circuit court found against the validity of the assignment, and rendered judgment directing the assignee to deliver to the sheriff all the notes, book accounts, moneys, and other property in his hands as assignee, to be sold by the sheriff and applied upon any execution that might be issued in the main action, returning the surplus, if any, to the assignee. The evidence was conflicting as to whether Matt was in fact a partner of Hartmann, or whether Hartmann was the sole owner of the bank. The plaintiff claimed that Hartmann was the sole owner of the bank, and Matt a mere employee; and this seems to have been the conclusion of the circuit court, though there was much evidence tending to show that Matt was an actual partner. The conclusion of the circuit court being that Matt was not a partner, it was further, and as a result thereof, held that the assignment was a partial assignment of Hartmann's property, and hence void; it appearing that Hartmann had other property besides the bank assets, which he conveyed by voluntary assignment to the same assignee on the 10th day of August, 1895, and after the service of the garnishee process herein.

The garnishee has appealed from the judgment holding him liable as garnishee.

*E. H. Schweppe*, for the appellant.

For the respondent there was a brief by *Cate, Jones &*

*Sanborn* and *G. W. Adams,* and oral argument by *D. Lloyd Jones.*

WINSLOW, J. We are reluctant to reverse the findings of the trial courts upon questions of fact, but in the present case we feel entirely satisfied that the clear preponderance of the evidence shows that Hartmann and Matt were not only ostensibly, but in fact, partners in business and owners of the Taylor County Bank. It would be of little value to review the evidence leading us to this conclusion. We shall content ourselves with saying that, in addition to the direct evidence of Hartmann to the fact, the written and oral admissions of Matt, as a witness, leave no doubt on the subject. It clearly appears that Matt was the active manager of the business, and bookkeeper. Upon the books of the bank, so kept by Matt, there is a capital account, upon which it appears that he was a partner and contributed to its capital stock in June, 1892, and in December, 1892. He made sworn reports to the state treasurer under the banking law, showing the condition of the business, and swearing that he was one of the owners and that Hartmann was the other. He issued, paid, and canceled certificates of deposit without objection or remark, signed Hartmann & Matt; in fact, he seems to have proclaimed his partnership in season and out of season until the approach of the financial difficulties of the year 1893. Opposed to all these facts, we have simply Matt's statement that he allowed his name to be used because Hartmann requested it, in order to show some more capital. We find that he was a partner.

The fact being that the Taylor County Bank was the property of a partnership composed of Hartmann and Matt, it necessarily follows that if the voluntary assignment made by Hartmann to *Urquhart,* July 24, 1893, and purporting to convey the property of that partnership, was in law a valid assignment of the partnership effects, then the gar-

nishee is rightfully in possession of the partnership property, and is entitled to hold it and execute his trust.

A copartnership may assign its partnership property for the benefit of its creditors, leaving the individual property of the partners untouched. *Auley v. Osterman*, 65 Wis. 118. It is settled, however, that one partner cannot make a general voluntary assignment of the firm property without the consent of his copartners when they are present and may be consulted. *Coleman v. Darling*, 66 Wis. 155. But it is generally admitted that, if one partner abscond, the remaining copartners may, if necessity requires, make a voluntary assignment of the firm property, which will bind the absent partner, at least if the firm property be personal property. This results because, by the act of absconding, he has made consultation impossible, and hence is deemed to have, by implication, conferred on his partners sufficient authority to do those acts which the emergencies of the business may require. *Rumery v. McCulloch*, 54 Wis. 565; *Farwell v. Webster*, 71 Wis. 485; Burrill, Assignm. (5th ed.), § 86. This doctrine is certainly very reasonable in jurisdictions where, as here, preferences are not allowed.

In the case before us it clearly appears that the partner Matt suddenly left Medford and abandoned the business just previous to the assignment; that he went because he knew that the bank would have to close its doors; and that Hartmann, finding the business insolvent, made the assignment in question during Matt's absence. We entertain no doubt of the authority of Hartmann, under such circumstances, to make a valid assignment.

*By the Court.*— Judgment reversed, and action remanded with directions to render judgment for the garnishee in accordance with this opinion.