Bartelt v. Smith, 145 Wis. 31.

BARTELT, Respondent, vs. SMITH, Appellant.

*January 12—January 31, 1911.*

*Partnership: What constitutes: How proven: Firm property: Realty: Statute of frauds: Action for dissolution: Receivers: Appointment of party: Compensation: Estoppel: Counsel fees.*

1. If two or more persons engage in a joint business enterprise, each putting in capital or labor or both, with an agreement to share profits as such, that will constitute them partners, whatever they may call themselves.

2. A contract of partnership may be proven by evidence of acts and conduct of the parties from which it may be inferred that they have agreed to become partners and share profits as such.

3. Whether or not a telephone line is real estate, if it be contributed to the capital of a copartnership it will become firm property so far as paying the firm debts and closing out the partnership is concerned, even though the legal title remain in one partner; and the agreement of copartnership, though not in writing, is not void under the statute of frauds.

4. A party to an action will not ordinarily be appointed receiver therein unless both parties consent or there are special circumstances which make such an appointment clearly for the best interests of all concerned, the reason being that the receiver is an officer of the court and should be disinterested.

5. Where a party to an action is appointed receiver therein, the general rule is that he is entitled to no compensation for his services, especially in an action for dissolution of partnership.

6. Where the order appointing one partner receiver of the partnership business and assets recited the other partner's consent

thereto, "providing the fees of the receiver could be avoided thereby," such receiver is estopped from claiming compensation; and it makes no difference that the receivership lasted much longer than was expected.

7. The employment by a receiver of counsel who represented him as a party, while not a practice to be approved, does not necessarily debar such counsel from all compensation, but where his services related to the details of the receiver's duties, such as the sale of the property, drawing and submitting of his report, and other matters as to which there is no conflict but rather a community of interest between the parties, a reasonable bill therefor may be allowed.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Modified and affirmed.*

This is an action to dissolve a partnership and for an account of the partnership business. The alleged partnership business was a small rural telephone business, amounting to about fifty miles of line in several adjoining townships of Fond du Lac, Washington, and Sheboygan counties. The defendant by answer denied the existence of any partnership and claimed to be the sole owner of the telephone system in question and that the same was wrongfully seized and taken possession of by the plaintiff. The action was commenced in March, 1905, and upon motion the plaintiff in May following was appointed receiver of the business, with directions to continue the business until the further order of the court. Afterwards the action was referred to Francis Williams, Esq., as referee, to hear, try, and determine. The referee took the testimony and in March, 1907, made his report, in which he found as matters of fact (1) that the parties formed a partnership November 2, 1902, for the purpose of conducting a telephone business over the lines in question, agreeing to share profits and losses equally; (2) that such partnership acquired the lines in question and operated the same down to the time of the commencement of the action; (3) that the parties had many disagreements as to the management of the business and

that it was impossible for them to longer carry on business to-
gether; (4) that plaintiff was appointed receiver of the busi-
ness and still operated the same; (5) that plaintiff had paid
into the business for the purpose of carrying it on sums aggre-
gating $696.78 and drawn out sums aggregating $766.81,
leaving him indebted to the business at the time of his appoint-
ment as receiver in the sum of $70.03; (6) that defendant put
no money into the business, but drew out amounts aggregating
$309.96, in which sum he was indebted to the partnership.
As conclusion of law the referee found that judgment of dis-
solution should be rendered and that the property and busi-
ness should be sold and the proceeds divided equally after
adding to the proceeds of the sale the amounts found due the
firm from each partner.

Upon motion the report and findings of the referee were
confirmed by the court, with a modification or amendment pro-
viding that plaintiff should have judgment against defendant
for his costs and disbursements and that the same should be
a charge on defendant's portion of the assets. An interlocu-
tory judgment was rendered April 10, 1908, adjudging the
parties to be owners as partners of the telephone lines in ques-
tion with the appurtenances and all permits and privileges
connected therewith; that such partnership be dissolved; and
that the receiver convert the property into cash, pay all part-
nership' debts, and make report of the balance in his hands.
The receiver made sale of the partnership property and busi-
ness and made his report to the court showing his total re-
ceipts from operation of the business and sale of the property
to be $4,903.23 and his disbursements to be as follows:

| | |
|---|---:|
| Incidental expenses..................................... | $503 35 |
| Expenses for labor, care, etc............................. | 419 89 |
| Expense for operating................................... | 467 00 |
| Expense for teams and horses............................ | 147 51 |
| Counsel fees subject to approval by court................ | 119 88 |
| Personal compensation and charges subject to approval by the court......................................... | 911 25 |
| | $2,568 88 |

Upon motion to approve the receiver's report defendant's counsel raised no question of fact, but objected to the items of compensation to the receiver and counsel fees. The report was approved with two amendments, one adding $40 to the counsel fees and the other inserting a credit of $314.50 paid by the receiver on a note of the firm after the filing of his account, and judgment entered dividing the net assets, after payment of the receiver's charges and expenses, equally between the parties, and allowing plaintiff to retain out of the defendant's share his taxed costs and disbursements. From this judgment the defendant appeals.

The cause was submitted for the appellant on the brief of *Simon Gillen,* attorney, and *Charles A. Phelps* and *John A. Irrmann,* of counsel, and for the respondent on that of *T. L. Doyle.*

WINSLOW, C. J. The pivotal question upon the merits of the case is whether the evidence justifies the referee's finding that the parties were partners. No formal agreement of partnership was ever made, although a written agreement was drawn by defendant but never signed by the plaintiff. The referee arrived at his conclusion as an inference of fact from the conduct of the parties themselves during the time from November 2, 1902, to March, 1905, during which time they confessedly operated the telephone system together and appeared to be partners. The fact was undisputed that *Smith* took such title as was taken to the original stem of the system, which was bought of one Drescher, and it was also undisputed that plaintiff advanced all the money necessary to make the original purchase, to buy new material, and to operate the business. From this time the parties operated the business together, the exchange being located in the plaintiff's house. There were many pages of testimony taken, and this opinion might be extended to great length in reviewing the evidence on the subject, but it does not seem that any valuable purpose would be gained thereby.

It is true, as claimed by counsel for appellant, that there can be no partnership as between the parties themselves unless a contract of partnership be shown, and that it must include an agreement to share profits as profits, *i. e.* as common owners thereof. *Sullivan v. Sullivan,* 122 Wis. 326, 99 N. W. 1022. But it is not necessary that the partners should call themselves such. If they engage in a joint business enterprise, each putting in capital or labor or both, with an agreement to share profits *as such,* there will be a partnership whatever they may call themselves. Nor need an express contract, either written or oral, be shown. Like other contracts which the law does not require to be in writing, a contract of partnership may be proven by circumstantial evidence, that is, by showing acts and conduct of the parties from which the fact may be inferred that the parties have agreed to become partners and share profits as such. 22 Am. & Eng. Ency. of Law (2d ed.) 39, 40, 47, 48; *Voshmik v. Urquhart,* 91 Wis. 513, 65 N. W. 60. We have examined the evidence in this case and find much to sustain the finding of the referee that the parties here became partners. Many of the acts of both plaintiff and defendant are only consistent with the theory that they had agreed to become partners in the enterprise and share the profits as profits.

The claim is made that the telephone system in question was real estate and that a parol agreement of partnership would be void, because it would offend against the statute of frauds. It is unnecessary to consider whether the telephone lines in question were real property or not. If they were, and if *Smith* held the legal title thereto, still, if they were contributed to the capital of the firm business, they would assume the character of firm property so far as paying the debts and closing out the partnership is concerned, even though the legal title remained in *Smith.* This is elementary.

We think the appellant's objection to the allowance of the item of $911.25 in the receiver's account for compensation should have been sustained.

The general principle, very well settled in the books, is that a party to the cause will not ordinarily be appointed receiver unless both parties consent or there are special circumstances present which make such an appointment clearly for the best interest of all concerned. The reason is that the receiver is an officer of court, whose business it is to administer his trust impartially for the benefit of all concerned, and hence he should have no special interests which might influence him in his conduct of the trust in matters where his interests and the interest of any party to the action may clash. 23 Am. & Eng. Ency. of Law (2d ed.) 1034. Where a party is appointed, however, the general, though perhaps not universal, rule seems to be that he is entitled to no compensation for his services, especially in case of the appointment of a partner as receiver on dissolution of the partnership. High, Receivers, § 540; 34 Cyc. 468.

In the present case there is an additional reason why no compensation should be allowed. Upon the plaintiff's motion for the appointment of a receiver it appears by the recitals of the order that the attorneys for the defendant appeared, and the order then proceeds as follows:

"And the attorneys for the defendant having stated in open court that if the court should see fit to appoint a receiver the defendant would have no objection personally against the plaintiff, *August G. Bartelt,* being left in possession and management of the property, providing the fees of the receiver could be avoided thereby."

At the close of this recital the court proceeds to make the appointment of the plaintiff. This order was made by Judge FOWLER at Fond du Lac, while the final judgment in the case was rendered by Judge KIRWAN at Sheboygan. This recital was evidently considered of considerable importance by Judge FOWLER, for a part of it was interlined after the typewritten order had been prepared. We can construe it in no other way except as meaning that the defendant consented

to the appointment of *Mr. Bartelt* upon the proviso only that in case of his appointment there would be no fees charged for the receivership. If this be so (and on any other theory the insertion of the recital seems to be unnecessary surplusage), then it is entirely clear to our minds that no fees should be allowed. *Mr. Bartelt's* name was evidently proposed by his own counsel. The defendant had a right to make strong objection to it, but he announced that he would forego that right if the payment of receiver's fees could be avoided by *Bartelt's* appointment. Upon this statement *Mr. Bartelt* was appointed. Plain principles of estoppel must now prevent him from claiming compensation, and the fact that the receivership lasted much longer than was anticipated can make no difference. This item, therefore, was improperly allowed.

The charge for counsel fees is attacked for the reason that the plaintiff should not, as receiver, have consulted the counsel who represented him as a party, because their advice would probably not be impartial. The general rule that receivers should not employ the counsel of either party to the litigation is approved and very forcibly stated in *Speiser v. Merchants' Exch. Bank,* 110 Wis. 506, 86 N. W. 243, and we have no intention of modifying anything that is there said. It is there recognized, however, that where it is made clear that their services to the receiver were of such a nature that no clash of interests was involved between their duties as counsel for the party and as counsel for the receiver, payment for their services may be approved. This is certainly reasonable doctrine. If, as appears in the present case, the advice of counsel was simply with relation to details of his duties, assisting him at the sale of the property and drawing and submitting his report, all being matters as to which there was no conflict but rather community of interest between the parties, we think a reasonable bill, such as was here allowed, for counsel fees to plaintiff's own counsel may be properly approved, though the practice is not to be advised. The result

is that the net amount of assets, including the amounts due the firm from each partner, is $3,271.09, instead of $2,359.84 as adjudged by the court; of which each is entitled to half after deducting his firm debt, making *Bartelt's* share $1,565.51 and *Smith's* share $1,325.58. From *Smith's* share must be deducted plaintiff's costs, $258.02, leaving a balance due him as of the date of the judgment of $1,067.56, instead of $611.94 as adjudged by the court. The judgment must be modified to agree with these results.

*By the Court.*—Judgment modified as indicated in the opinion, and as so modified affirmed, with costs to the appellant.