JOSEPH L. CAHALL, Receiver of Lewes Fisheries Company,

*vs.*

WILLIAM C. LOFLAND, AND OTHERS.

*Kent, Sept.* 24, 1919.

While ordinarily the solicitor of the complainant should not act as the solicitor of the receiver, there is no impropriety in his so acting where a stockholder of a dissolved corporation, without creditors, being wound up by its directors as statutory trustees, obtains the appointment of a liquidating receiver to supplant them and recover assets alleged to have been diverted by them.

MOTION TO DISMISS BILL. The bill was filed by receiver of Lewes Fisheries Company against former directors thereof and persons to whom assets and property of the company were alleged to have been fraudulently conveyed. A motion to dismiss based on impropriety in the selection of a solicitor by the receiver was filed upon defendants' solicitors being permitted to appear specially to make the motion.

*Richard S. Rodney*, and *John M. Richardson*, for motion.
*Henry Ridgely*, for the receiver.

THE CHANCELLOR. The Lewes Fisheries Company, a Delaware corporation, having been dissolved voluntarily pursuant to the provisions of the Delaware statute, its directors as trustees were winding up its affairs, the duty and right to do so being imposed upon and given to them by the statute. The corporation has no creditors. While this winding up was proceeding, Charles V. Jones, a stockholder of the company, in 1917 filed his bill in Chancery charging misconduct on the part of officers and directors of the company, and asking that a receiver be appointed in the place of the directors to recover alleged diverted assets and conclude the winding up. Power to appoint such receiver is given by statute, but the statutory duty and right of the directors to wind up the affairs of the company is not interfered with by the court, except for reason shown, or by consent of the directors. When the bill of Jones was filed the reasons for the appointment of a receiver were deemed sufficient, and the duty and power to wind up was taken from the directors and transferred to the receiver. By the decree the receiver was ordered "to collect and recover * * * any and all money and assets thereof unlawfully and improperly diverted from said company, and damages sustained by said company through any fraudulent and unlawful acts of its officers, as in the Bill of Complaint filed in this cause set forth; and with power to prosecute and defend in the name of said corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid," etc. Pursuant to this decree the receiver filed a bill in Chancery against the officers and directors of the company to recover the misappropriated assets, and his solicitor is the solicitor for the complainant, Jones. Some of the defendants have appeared generally; other defendants had leave to appear specially for the purpose of moving to dismiss the bill, and moved to dismiss it on the ground that the solicitor for the receiver was the same person who acted as solicitor for Jones. The motion has been argued.

There are two general kinds of receiverships. One is that used where to preserve rights pending litigation, or some adjustment of rights relating to property, it is desirable that the subject-

matter of the controversy be in the hands of a stakeholder, acting as the arm of the court. This is peculiarly a conservation receivership, and the property is in *custodia legis*. The other kind is the winding up kind, such as the administration of the affairs of partnerships and insolvent and dissolved corporations.

In each of these kinds of receiverships impartiality as between conflicting interests, both by the receiver and his legal adviser, is ordinarily essential for obvious reasons. Receivers of corporations whether solvent or insolvent, are most usually appointed at the instance of creditors or stockholders, or both combined, whatever the ground therefor be. When a corporation becomes insolvent usually the persons chiefly interested are the creditors. But the stockholders also may be vitally interested. It may turn out that the assets are more than adequate to pay the debts, and they are interested to have a just ascertainment of the amount due the several creditors. In addition, if their shares of stock are not paid for, their liability to creditors for the unpaid balance of the par value of the stock is an asset for the benefit of such creditors in case of a deficiency of corporation assets for the purpose. Each creditor has an interest as against every other creditor, and every creditor may have an interest against every stockholder who has not paid in full for his stock. Every stockholder has an interest as against every creditor, and possibly against his fellow stockholders who have not paid for their stock. Obviously, therefore, the receiver and his counsel should be impartial between and independent of stockholders and creditors, and neither the complainant, nor his solicitor, should be appointed receiver of such corporation, or act as counsel for a receiver. Not only is the rule in such cases well settled, but the reason therefor is plain.

The rule and the reason therefor are equally plain and obvious as to a pure conservatory receivership, and to receiverships of partnerships. For the same reasons the legal adviser of the receiver should be impartial between all interests, and it is unwise and unfair, and, therefore, wrong for the court to appoint, or the receiver to select, as his adviser his personal counsel, or the legal adviser of the complainant. This involves no reflection upon the moral integrity either of the receiver, or his counsel. It is based on the frailties of human nature, and the effects of unconscious

influences upon conduct where there are ties·of business, professional, or social connection. Wherever there is a fiduciary relationship the strictest rule as to impartiality and disinterest is enforced for the protection of both the trustee and beneficiary.

There is, however, good reason and ample authority to justify a receiver appointed for the purpose, and under the circumstances in this present case in selecting as his legal adviser the solicitor for the stockholder, Jones, who started the litigation to unearth and obtain redress for the wrongs alleged to have been done to the company. For the purposes of this motion the allegations of the bill of the receiver must be taken to be true.

Here there is no diversity of interest between the company or its stockholders as such on one side, and the complainant on the other. The receiver represents all stockholders. There being no creditors of the company, the assets of the company and any moneys recovered by the receiver from the officers and directors would be a common fund for all stockholders with no preference to the complainant, Jones, and he has made no claim for priority or favor over his fellow stockholders. The suit instituted by the receiver is but a continuation of the litigation started by Jones, and is anciallary to it. Therefore, no impropriety exists in having the solicitor for Jones act as solicitor for the receiver. Nor does it seem possible that any partiality which the solicitor for Jones would have for his client would interfere with the efforts of his solicitor to fully recover from undutiful officers and directors of the company for all the stockholders, including Jones, the moneys unlawfully abstracted by such officers and directors. The receiver is the trustee, and all the stockholders are the beneficiaries, and the counsel for one stockholder is not incompetent to represent all with a common interest. The proceeding of the receiver is in part against persons who are officers and directors of the company, and it does not affect the questions involved that they are also stockholders, for the bill is against them not as stockholders, but as officers and directors who have broken their trust obligations to the company. Neutrality by the receiver as between the stockholders and the offending officers and directors is manifestly undesirable.

While no cases have been cited where the receiver was pro-

ceeding against the officers and directors of a dissolved corporation to obtain reparation for wrongful dealings by them with corporate assets, cases have been cited which throw light on this question of propriety, and confirm the view here expressed. *Shainwald v. Lewis*, (D. C.) 8 *Fed.* 878; *McPherson v. United States*, 245 *Fed.* 35, 157 *C. C. A.* 331.

Where a dissolved corporation without creditors is being wound up by the directors as statutory trustees, and one of the stockholders obtains the appointment of a liquidating receiver to supplant the directors, it being alleged that the directors before dissolution had fraudulently dealt with assets of the corporation, and subsequently the receiver filed a bill against the directors and others to enforce restitution, it was not improper for the solicitor for the stockholder to act as solicitor for the receiver in bringing and prosecuting the suit. ·

If the litigation was unfounded and fruitless, there may in the future be questions as to responsibility for the costs and expenses thereof, but they have not arisen and are not pertinent at this time..

For the reasons stated the motion to dismiss the bill is denied, and there will be no order made in the cause disapproving the selection made by the receiver of a solicitor, or directing a change of solicitor.