The case of Mrs. John S.E. Young et al. v. Gurney P. Hood, Commissionerof Banks, et al., is reported in 209 N.C. 801, in which it is held that the trust estate of A. B. Andrews, deceased, was liable to the plaintiff in this cause in the sum of $160,000, plus interest from 3 July, 1933, on account of the ownership by said trust estate of 16,000 shares of the common stock of the closed North Carolina Bank and Trust Company of the par value of $10.00 per share.
This action was instituted by the Commissioner of Banks against the trustee of the estate of A. B. Andrews, deceased, to require the sale of sufficient assets of said estate to satisfy the stock assessment judgment *Page 104 
in favor of the commissioner. An answer was filed by the trustee asking that all of the beneficiaries of said trust estate, together with A. J. Maxwell, Commissioner of Revenue of the State of North Carolina, and C. H. Robertson, Collector of Internal Revenue of the United States for the District of North Carolina, be made parties defendant, and that the court advise and direct him as to his duties. An order was entered making said beneficiaries and said commissioner and said collector parties defendant, and A. L. Purrington, Jr., was appointed guardian ad litem to represent the defendant beneficiaries who were infants. An answer was filed by said guardian ad litem. Thereafter judgment was entered ordering Joseph B. Cheshire, Jr., as trustee of the estate of A. B. Andrews, deceased, to sell sufficient assets of said estate to raise cash with which to pay said stock assessment judgment.
Subsequently, a petition was filed by Mr. Cheshire, as trustee, setting out that in connection with the litigation concluded by the decision of this Court referred to above, and in connection with this case, he had, under an order of court, employed Messrs. Paul F. Smith, Murray Allen, and Manning Manning as attorneys to represent the interests of his trust; that he had paid to said attorneys on account of services rendered the sum of $1,000 each, and that he was of the opinion that an allowance to said attorneys of the further sum of $7,500 each would be fair and reasonable, and recommending that such allowances be made to be paid out of the assets of his trust before the stock assessment judgment of the plaintiff is paid, as according to the best information of the petitioner such assets are insufficient to satisfy in full such judgment.
To this petition the plaintiff filed an answer admitting the work done by the attorneys for the trustee, and that they, as well as the guardian adlitem and the trustee, were entitled to compensation fair, moderate, and reasonable under all of the circumstances, but alleging that the work by the attorneys for the trustee not only resulted in no benefit to the trust estate, but, on the contrary, incurred expenses, and that the fees suggested by the trustee were more than fair and reasonable, and that it would be inequitable to allow them to be paid out of the funds that would otherwise go to the plaintiff.
The issue raised was heard by the judge upon the petition and the answer and the record in this case, and the record in the case of Mrs. John S.E.Young et al. v. Gurney P. Hood, Commissioner, et al., supra, and an order was entered allowing to A. L. Purrington, Jr., as guardian ad litem, the sum of $500.00; to Joseph B. Cheshire, Jr., as trustee, 2 per cent of receipts of principal and 2 per cent of disbursements of principal; and to Paul F. Smith, Murray Allen, and Manning Manning, as attorneys for the trustee, an additional sum of $5,000 each, to which order the plaintiff excepted and appealed to this Court, assigning errors. *Page 105 
That the amount of allowances by the Superior Court for attorneys' fees is reviewable by this Court is well settled, In re Stone, 176 N.C. 336; likewise, the amount of allowances for trustees is so reviewable, Weisel v.Cobb, 118 N.C. 11, and, by a parity of reasoning, the amount of allowances for guardians ad litem is so reviewable. However, the allowance of commissions and counsel fees to a receiver by the Superior Court isprima facie correct, and the Supreme Court will alter the same only when they are clearly inadequate or excessive. Graham v. Carr, 133 N.C. 449. The rule in this jurisdiction is that when the court is called upon to make an allowance for attorneys, trustees, or guardians ad litem such allowances should be fair and reasonable.
After giving due consideration to "the importance of the litigation and the amount involved and the length of time it required counsel to properly prepare and present the evidence at the trial, and also the authorities supporting the position in law and equity taken by the trustee" the judge found that the allowances made to the attorneys, trustee, and guardian adlitem were fair and reasonable, and in the absence of any findings of fact to the contrary, or of any evidence upon which such findings could be based, we are constrained to hold that the judgment of the Superior Court should be affirmed, and it is so ordered.
Affirmed.