MALCOLM M. LOWDER, MARK T. LOWDER AND DEAN A. LOWDER, PLAINTIFFS v. ALL STAR MILLS, INC., LOWDER FARMS, INC., CAROLINA FEED MILLS, INC., ALL STAR FOODS, INC., ALL STAR HATCHERIES, INC., ALL STAR INDUSTRIES, INC., TANGLEWOOD FARMS, INC., CONSOLIDATED INDUSTRIES, INC., AIRGLIDE, INC., AND W. HORACE LOWDER, DEFENDANTS AND CYNTHIA E. LOWDER PECK, MICHAEL W. LOWDER, DOUGLAS E. LOWDER, LOIS L. HUDSON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR STEVE H. HUDSON, BRUCE E. HUDSON, BILLY J. HUDSON, ELLEN H. BALLARD, JENELL H. RATTERREE, DAVID P. LOWDER, JUDITH R. LOWDER HARRELL, EMILY P. LOWDER CORNELIUS AND MYRON E. LOWDER, INTERVENING DEFENDANTS

No. 89PA83

(Filed 6 December 1983)

**1. Attorneys at Law § 3; Receivers § 1— appointment of plaintiffs' attorney as counsel for receivers**

The trial court erred in its appointment of plaintiffs' attorneys as counsel for the receivers of the seven corporate defendants since the plaintiffs' interests are not identical to those of the receivers in that plaintiffs are attempting to recover assets in an undetermined amount for the benefit of two corporate defendants from the other five corporate defendants, and the receivers are charged with preventing injury to the property in controversy and preserving all the assets for the security of all parties in interest.

**2. Attorneys at Law § 7; Receivers § 12.2— improper appointment of attorneys for receivers—allowance of counsel fees**

Although it was error for the trial court to appoint plaintiffs' attorneys as counsel for the receivers of the corporate defendants, the trial court could properly allow reasonable fees to the attorneys for their services to the receivers under orders of the court.

Justice COPELAND dissenting in part.

ON certiorari to review the decision of the Court of Appeals, 60 N.C. App. 275, 300 S.E. 2d 230 (1983), affirming in part and reversing in part orders entered by *Seay, J.,* on 2 October 1981 in Superior Court, STANLY County. Heard in the Supreme Court 12 September 1983.

This suit was instituted on 11 January 1979. The claim for relief is in the nature of an individual action by minority shareholders and a derivative action. It concerns the operation of seven corporations owned by the Lowder family. Plaintiffs seek damages and other relief, contending that defendant Horace Lowder has abused his authority as chief executive officer of the corporate defendants, wrongfully diverting funds and assets from two of the corporations in which plaintiffs have an interest into the other five corporations which are basically owned by Horace Lowder. Plaintiffs are represented in this action by the Moore, Van Allen and Allen firm, of Charlotte and Raleigh.[1]

On 5 February 1979, Judge Seay appointed co-receivers to operate the corporations as a single business and enjoined defendant Lowder from interfering in the receivership in any way. On 14 February 1979, Judge Seay entered a supplemental receivership order which appointed Moore and Van Allen to serve as attorneys for the receivers. Defendants appealed the injunction, the receivership order, and the supplemental receivership order.

After review by the Court of Appeals, reported in 45 N.C. App. 348, 263 S.E. 2d 624 (1980), this Court heard the appeal, its opinion being reported in 301 N.C. 561, 273 S.E. 2d 247 (1981). The Court, among other things, affirmed the receivership order and upheld the authority of the trial judge to enter orders concerning the receivership out of the county and out of the district. Reference to these opinions is made for further factual background of this case.

After the case was remanded to the superior court, defendants filed some twenty-five motions. These included a motion to vacate the order appointing Moore and Van Allen as counsel for the receivers, a motion to have Moore and Van Allen disqualified as counsel for plaintiffs, and motions to set aside the approval of: the settlement of an outstanding tax claim with the federal government, the sale of certain assets, the payments which were awarded the receivers for their services, and the payments for the services of their accountants and attorneys. Defendants also filed a motion to recuse the trial judge.

---

1. Prior to a 1 January 1983 merger, the name of the firm was Moore and Van Allen.

On 2 October 1981, Judge Seay entered thirty separate orders, including orders approving the tax settlement, denying the motions to vacate the supplemental receivership order, and awarding fees and expenses to receivers, accountants, and attorneys. The trial court referred the recusal motion to Judge Mills for decision. Judge Mills found that Judge Seay was not required to recuse himself.

Defendants appealed seventeen of the trial judge's orders. The Court of Appeals affirmed the trial court in every respect but two, finding (1) that it was error to appoint Moore and Van Allen as attorneys for the receivers, and (2) it was error to allow counsel fees for Moore and Van Allen for their services on behalf of the receivers.

Plaintiffs, defendants, and intervening defendants sought discretionary review of this Court of Appeals decision. On 3 May 1983, this Court allowed plaintiffs' petition for discretionary review pursuant to N.C.G.S. 7A-31(a).

*Moore, Van Allen and Allen, by John T. Allred and Randel E. Phillips, for plaintiffs and receivers, appellants.*

*DeLaney, Millette, DeArmon and McKnight, P.A., by Ernest S. DeLaney, for defendant appellees.*

*Hopkins, Hopkins & Tucker, by William C. Tucker, for intervening defendant appellees.*

MARTIN, Justice.

The nearly five years of litigation in this matter have generated a factual and procedural history that is voluminous and complex. Details not relevant to the issues we address here are set forth in our earlier opinion, *supra.*

We have granted discretionary review in this case for the limited purpose of considering two questions raised by plaintiffs: First, whether the Court of Appeals erred in holding that Moore and Van Allen, as counsel for plaintiffs, could not serve as counsel for the receivers; second, whether the Court of Appeals erred in holding that the trial court could not award counsel fees to Moore and Van Allen for their services to the receivers.

For reasons which follow, we agree with the Court of Appeals that the trial court committed error in appointing plaintiffs' counsel to represent the receivers in this action. Defendants' motions to vacate the order authorizing employment of Moore and Van Allen as counsel for the receivers should have been granted. We do not agree, however, that because Moore and Van Allen should not have been appointed in the first place, they are not now entitled to reasonable payment for beneficial services rendered to the receivership throughout the course of this action under the orders of the court. On this second issue, we reverse the Court of Appeals.

[1] Plaintiffs argue that "the representation of the receivers by plaintiffs' counsel does not, in the posture of this case, create a conflict of interest." We have carefully reviewed the law of receivership, pertinent cases, including those cited by the parties, and the intricate series of facts both leading up to and comprising this litigation. We conclude that this case does present a very real and unavoidable conflict of interest for attorneys placed in the position of serving simultaneously the plaintiffs in this action and the court-appointed receivers. The interests of plaintiffs, defendant corporations, defendant Horace Lowder, intervening defendants, and receivers are not best served by upholding Judge Seay's February 1979 appointment of Moore and Van Allen to that troublesome position. We believe this is true despite the significant delay and additional expense that may result.

This Court has already upheld the decision by the trial judge to appoint co-receivers to serve during the pendency of the litigation. *Lowder v. Mills, Inc.*, 301 N.C. 561, 577, 273 S.E. 2d 247, 256 (1981). We begin our analysis of the proper role for the receivers' attorneys with a review of details in the case relevant to the 5 February 1979 order authorizing the receivership and the subsequent appointment of Moore and Van Allen as counsel for the receivers.

In his order Judge Seay assigned to co-receivers Henry C. Doby, Jr. and John Bahner stewardship over seven corporations: All Star Mills, Inc., Lowder Farms, Inc., All Star Foods, Inc., All Star Hatcheries, Inc., All Star Industries, Inc., Consolidated Industries, Inc., and Airglide, Inc. By order of the court, upon qualification of the receivers, title to all of the corporate defend-

ants' property, whether real, personal, tangible or intangible, immediately vested in these receivers. They were ordered to take possession of the assets, facilities, and offices of the corporate defendants, together with all of their records, correspondence, books of account, corporate minute books, and all other corporate records. They were to continue, manage, and operate the businesses until further order of the court.

While the trial court found that these companies collectively constituted one integrated business enterprise and directed the receivers to continue to operate them as such, there was evidence before the court that each coporation was a separate entity, with separate articles of incorporation, its own set of stockholders, its own set of creditors, its own tax identification number, and separate state and federal tax returns.

Judge Seay found that "[d]efendant W. Horace Lowder has at all times material to this suit exercised sole management responsibility for the business affairs of all the corporate defendants and has excluded plaintiff and other shareholders of said companies from participation in their management." The order appointing operating receivers for all seven corporations and enjoining defendant Lowder from continued control of their affairs rested on numerous findings of his misconduct set forth in *Lowder v. Mills, Inc., supra,* 301 N.C. 561.

In the order appointing counsel for the receivers, the trial court stated:

> The Court has concluded that, in the interest of justice, and in order to minimize professional expenses which will be paid by the corporations as a result of this receivership, the law firm of Moore and Van Allen should be employed by the Receivers to render legal advice to them concerning day-to-day activities, and the marshalling of assets, and pursuit of claims against third parties, and for the purpose of continuing the prosecution of this action to the end that any assets which should belong to All Star Mills or Lowder Farms are identified, and returned to them.

> Because plaintiffs bring this action derivatively, they have interests that are identical to those of All Star Mills, and Lowder Farms. As a result, the Court finds as a fact that

Moore and Van Allen has no conflict to prevent them from representing the Receivers.

. . . .

The Court has considered this matter at length, and has had numerous, lengthy discussions with the Receivers, and has concluded that this approach is the only viable approach to the problems currently presented. The only *potential* conflict which the Court sees in this arrangement is that the Receivers act on behalf of all the corporations (except Carolina Feed Mills, Inc.), even though two of them may have claims against the rest. The Court finds as a fact, however, that no current conflict exists. If an *actual* conflict appears to arise in the course of this litigation, the parties are directed to report the matter to the Court so that it may be dealt with at that time.

Defendants had vigorously opposed the presence of the Moore and Van Allen firm in this lawsuit, not only as counsel for the receivers but, also and foremostly, as counsel for the plaintiffs. We briefly note the facts leading to the firm's involvement in the case.

The record shows that prior to the filing of this action, when defendant Horace Lowder was appealing from his income tax evasion conviction, he retained the law firm of Brown, Brown and Brown. The matters in which Mr. R. L. Brown III represented Mr. Lowder in his criminal case are now involved in this action. Plaintiff Malcolm Lowder, dissatisfied with the manner in which the family companies were being managed, conferred with R. L. Brown in regard to these matters. In determining to bring this action, he retained Mr. Brown, who then associated with the Moore and Van Allen firm. The latter firm signed the complaint as plaintiffs' counsel, but the Brown firm will receive a part of any contingent fee received by Moore, Van Allen and Allen. Plaintiffs' attorneys are being paid by the individual plaintiffs. There was evidence before the court that plaintiff Malcolm M. Lowder has agreed to pay Moore and Van Allen on an hourly basis in the event fees are not recovered from the corporations. This fee arrangement is in turn "subject to contingencies which will increase amounts due upon a successful conclusion of the shareholders'

derivative action, state court receivership proceedings, bankrupt-
cy proceedings and other related litigation."

The Court of Appeals has rejected defendants' conflict of in-
terest arguments with respect to the firm's role as counsel for
plaintiffs. *Lowder v. Mills, Inc.*, 60 N.C. App. 275, 282, 300 S.E. 2d
230, 234 (1983). We do not disturb or reconsider that part of its
decision here.

Against this factual background of the case, we now review
and apply the well settled law of receivership to determine the
two issues before us.

The judicial creation of a receivership is a harsh, drastic, and
extraordinary remedy. *Lowder v. Mills, Inc., supra*, 301 N.C. 561.
In an interlocutory order, it takes custody of a defendant's prop-
erty out of his hands. Upon his appointment by the court, the
receiver is vested with title to all the real and personal property
of the defendant corporation. While it does not affect the ex-
istence of the corporation, it does, however, end the powers of the
stockholders and directors. They can make no contract to bind the
corporation after the appointment. 1 Clark, *Law of Receivers*
§ 59 (3d ed. 1959). *See also* Golding, *Corporate Receivership in
North Carolina*, 32 N.C.L. Rev. 149 (1954).

With respect to the court, the parties to the suit in which he
is appointed, creditors and other interested persons, and the
property in receivership, the position of the receiver is that of an
officer of the court. He may be considered a "quasi-trustee,"
holding legal title and possession as the agent of the court for the
beneficial owners. He is not appointed for the benefit of either
party and does not derive his authority from either one. The par-
ties have no authority over him and have no right to determine
what liability he may or may not incur. The receiver is a
representative and protector of the interests of creditors and
shareholders alike in the property of the receivership. 65 Am.
Jur. 2d *Receivers* §§ 3, 135, 138-140 (1972).

It is well settled that wherever there is a fiduciary relation-
ship, the strictest rule as to impartiality and disinterest is en-
forced for the protection of both the trustee and the beneficiary.
*Cahall v. Lofland*, 107 A. 769 (Del. Ch. 1919). Thus it follows that
no one ordinarily may be appointed receiver whose personal inter-

ests would substantially conflict with his unbiased judgment and duties as receiver. *Law of Receivers, supra,* § 115.

This same general rule of impartiality holds good in selecting counsel for the receiver. The following is a comprehensive statement of the rule and the reasons for the rule:

> Sec. 47. To employ counsel, and limitations thereof.— When a receiver is directed by the court appointing him to employ counsel to assist him in the discharge of his duties, it is the receiver's duty to select an independent counsel rather than one who is acting for either party in the action. This rule is intended to protect the rights of those parties; if, therefore, they make no objection, the receiver may employ the solicitor of either to aid him in the discharge of his trust. . . . But courts are not inclined to favor this practice, unless the employment is made in strictly good faith and with the assent of the parties, for the manifest reason that counsel's duty to his client, as one of the parties to the cause, may conflict with his performing impartially his duties as counsel to the receiver, who is bound to see that all creditors and parties interested are treated alike during the time of the receivership, and in this respect should be seconded in his efforts by his counsel.[1]

---

1. *Heffron v. Flower*, 35 Ill. App. Rep. 200. The Court in this case said: "The counsel of the receiver in such a case should be as far as possible removed from the temptation to partiality. He should be free from that personal bias which might, at a critical passage, induce him to give advice prejudicial to one of the litigants, when another course could have been adopted consistent with the interests of both. The duty of complainant's counsel is to guard his interests at all times, and against all persons, by all honorable means. Faithfulness in their engagement to him cannot be, if they are allowed to represent the receiver, and his duty required action that complainant disapproved. In that event which client would appellees serve? It may be said that when such a dilemma is presented, they could choose one, and discharge themselves from obligation to another. If the dilemma was clearly seen, no doubt they would so act; but selfish interest is liable to conceal such difficulty, or to present it as a temporary matter, or as a thing of slight importance, and so the law saves the painful necessity of decision by forbidding the double employment."

Gluck and Becker, *Receivers of Corporations* § 47 (2d ed. 1896).

The exception to the general rule is implied in the above. Where there is a perfect identity of interests between the plaintiffs and the receivers or where the parties have consented, the

exception may arise. *Cf. Swenson v. Thibaut*, 39 N.C. App. 77, 250 S.E. 2d 279, *disc. rev. denied*, 296 N.C. 740 (1979) (counsel allowed to represent stockholders in derivative actions against company after representing the company in rehabilitation proceedings).

A further elaboration on the *exception* to the general rule which prohibits attorneys for the parties from serving as attorneys to the receivers follows:

> There are many suits brought, particularly suits presenting a simple contract claim and asking for the appointment of a receiver of a large corporation, *in which plaintiff's claim is admitted by defendant.* In other words, the main object of such a suit is the honest and efficient administration of the assets of the corporation. In such a case the real work involved is handling the assets of the corporation and the main issues are as a rule contests between various creditors concerning priorities of rights.

*Law of Receivers, supra*, § 115(a) (emphasis added).

The general rule, not its exception, clearly applies to the case before us.

Plaintiffs' arguments to the contrary notwithstanding, the fact that they sue derivatively on behalf of All Star Mills, Inc. and Lowder Farms, Inc. does not automatically create "the perfect identity of interests" between the plaintiffs and receivers in this case which would eliminate a conflict of interest problem. On the facts of this case, the plaintiffs' interests are not identical to those of the Mills and Farms corporations, whose interests are, in turn, identified with those of the receivers.

Plaintiffs seek to recover assets in an undetermined amount from the other five corporate defendants for the benefit of Mills and Farms.

The receivers, on the other hand, are by definition charged with preventing injury to the property in controversy and preserving all the assets, pendente lite, for the security of all parties in interest.

As noted by the Court of Appeals, "this case presents a different picture than most receiverships in which there is only one

corporation with assets to be protected." *Lowder v. Mills, Inc., supra,* 60 N.C. App. at 285, 300 S.E. 2d at 236.

The claim which plaintiffs are asserting derivatively on behalf of Mills and Farms against the corporate defendants is vigorously disputed by defendants. Moreover, as attorneys for the plaintiffs, the Moore, Van Allen and Allen firm is and has been in the position of having a real pecuniary interest in plaintiffs succeeding in this lawsuit. Yet the five defendant corporations must look to them as attorneys for the receivers for a full and impartial commitment to the protection of their property pending the outcome of this lengthy matter.

Judge Seay saw in these circumstances a "potential" but not a real or current conflict. We disagree. "[T]he law does not tolerate that the same counsel may appear on both sides of an adversary proceeding, *even colorably. . . .*" *Arrington v. Arrington,* 116 N.C. 170, 179, 21 S.E. 181, 184 (1893) (emphasis added). This involves no reflection upon the moral integrity either of the receiver or his counsel. It is based on the frailties of human nature, and the effects of unconscious influences upon conduct where there are ties of a business, professional, or social nature. *Cahall v. Lofland, supra,* 107 A. at 769.

The ultimate end of a receivership is to enable the court to accomplish, so far as practicable, complete justice between the parties before it. To this end, we hold that on the facts of this case there exists a conflict of interest sufficiently grave to disqualify Moore, Van Allen and Allen as counsel for the receivers of the seven corporate defendants.

[2] We turn next to the second issue before us: whether the Court of Appeals erred in its holding that because counsel for receivers had been wrongfully appointed, payment of their legal fees should not have been authorized.

In his order of 2 October 1981, Judge Seay authorized payment of legal fees to Moore and Van Allen for services rendered the receivership during the period 9 February 1979 to 16 May 1979. Only these fees, totalling $45,985.18, are at issue before this Court. The expenses and fees which have accrued since May 1979, if any, do not appear of record but would also remain uncompensated if the ruling of the Court of Appeals were allowed to stand.

In their petitions to the trial court for authorization to pay their attorneys for professional services rendered to the corporations in receivership, the receivers noted that they were attaching the original statements received from the law firms, that they had examined the statements, and that they found them to be reasonable. In the 2 October 1981 order approving the payment of fees and expenses, Judge Seay found as facts that, among other things:

3. In accordance with those orders, the Receivers employed these firms and the firms performed valuable services for the Receivers in representing them in this case, and in representing the corporate defendants before the United States Tax Court.

4. These firms rendered statements to the Receivers for work performed by them during the month of February, 1979, for services actually performed during that month on behalf of the Receivers. [He made the same finding with respect to March, April and May, 1979.]

5. Those statements were true and accurate reflections of amounts billed for services requiring special legal or accounting skill, actually performed, at the normal hourly rates charged by the firms, and for expenses advanced by the firms . . .

6. The amounts billed for fees, and expenses advanced, by these firms are, under all the circumstances, reasonable, and the services performed were of benefit to the Receivers, and defendant corporations, and their estates.

7. After petitions for these fees had been filed, defendant W. Horace Lowder, purporting to act for the corporate defendants, filed petitions for relief for the corporations in Bankruptcy Court. As a result of those filings, further proceedings in this Court were enjoined. As a result, this Court was unable to rule on these petitions for fees for work performed.

8. The bankruptcy proceedings have now been dismissed, and there is no just reason to delay any longer in passing on these petitions for fees.

There is evidence before the court that the following compensable services were rendered under court orders by Moore and Van Allen during the four-month period of time at issue before this Court:

At the very outset of the receivership, steps had to be taken to enable the receivers to assume their duties in an orderly manner. Certain intervening defendants had to be ejected from the offices of the companies where they were conducting a sit-in. It became necessary to obtain an order modifying the preliminary injunction to prevent defendant Horace Lowder from interfering with and obstructing the receivers. Contempt proceedings were instituted to secure Lowder's compliance with the receivership order and to obtain records which he had been ordered to provide. The receivers required assistance in gaining possession of corporate mail, bank accounts, lockboxes, and other corporate assets.

The receivers' attorneys then rendered immediate assistance in the tax proceedings against the companies. They spent considerable time assisting tax counsel with the tax claims. Prior to the receivership, an administrative proceeding had been instituted under the Occupational Health and Safety Act against All Star Foods and dealt with, without the aid of counsel, by Horace Lowder. The attorneys represented the receivership in this matter and also in a summary ejectment proceeding brought against the receivers by one of the intervening shareholders. The attorneys assisted with the inventory of corporate records and assets which had been required by the receivership order. They prepared fee petitions in behalf of the receivers. When Horace Lowder instituted bankruptcy proceedings, the attorneys advised the receivers regarding the effect of these proceedings, assisting them in the orderly transfer of assets and responsibilities to the bankruptcy court.

We note that the Court of Appeals has upheld the decision by Judge Seay to dismiss defendants' objections to certain aspects of the process whereby the respective attorneys' and accountants' fees were determined. Here we are concerned only with the question of whether the trial court properly authorized the receivers to pay Moore and Van Allen the amounts requested for February through mid-May 1979 and to pay them forthwith.

It is not disputed that those employed by a receiver to assist in the administration of a receivership should understand that their compensation is subject to trial court review and approval. *See* Wyatt, *State Court Receiverships in North Carolina*, 17 Wake Forest L. Rev. 745 (1981). Costs of administration of a receivership include, *inter alia*, such items as reasonable and proper compensation for the receiver's attorney for services which require legal knowledge and skill and which were rendered to the receiver for the benefit of the receivership. *King v. Premo & King, Inc.*, 258 N.C. 701, 129 S.E. 2d 493 (1963).

It is also well settled that the trial court order fixing and awarding fees to counsel for receivers is reviewable on appeal. *Law of Receivers, supra,* § 643. In this state the allowance of counsel fees to a receiver by the superior court is prima facie correct. The Supreme Court will alter the same only when they are clearly inadequate or excessive, or based on the wrong principle. The proper standard is what is reasonable and fair. *King v. Premo & King, Inc., supra; Hood, Com'r of Banks v. Cheshire*, 211 N.C. 103, 189 S.E. 189 (1937). This, of course, concerns the issue of *how much* to award counsel for the receivers.

With regard to the question of *whether* to award fees for counsel, the Court of Appeals wrote: "We have held that it was error to appoint Moore and Van Allen as attorneys for the receivers so we reverse those portions of the orders which authorized the payment of fees to them." *Lowder v. Mills, Inc., supra,* 60 N.C. App. at 287, 300 S.E. 2d at 237. No authority was cited. Defendants, in turn, have argued to this Court "the rule in *Farwell*," an 1896 Illinois case involving active frauds and breaches of trust by the receiver's attorney. The mandatory prohibition in that case is as follows:

> [W]e hold it is the duty of courts of chancery to strictly enforce the principle, clearly established, that a receiver will not be permitted to employ as his counsel one whose interests, in person or as attorney for another, are hostile to the interests represented by and the duties of such receiver, and, it being the duty of the attorney to know the law in that behalf, it was his duty to decline to accept employment by the receiver, and his doing so and seeking to act on both sides with such hostile interests, is *fraud, and the order . . .*

*allowing fees to Sutherland as attorney for the receiver must be set aside.*

*Farwell v. Great Western Tel. Co.*, 161 Ill. 522, 613, 44 N.E. 891, 920 (1896) (emphases added).

An across-the-board application of this rule leads to the unalterable conclusion that "a lawyer can under no conceivable circumstances recover for services rendered in the same suit to parties having opposing interests." *Strong v. International Building, Loan & Investment Union*, 183 Ill. 97, 102, 55 N.E. 675, 676 (1899).

We decline to adopt this rigid and simplistic interpretation of the relevant law in the case before us. We believe the more appropriate analysis is as follows:

Where the employment of an attorney by a receiver is unlawful by reason of his employment by an adverse party, he should not *for that reason* be denied a reasonable compensation for services which were necessary or valuable to the receiver, when performed with the usual fidelity and ability. . . . Charges properly excluded would be for services rendered in a manner influenced by the attorney's professional connection with the adverse party.

*Clapp v. Clapp*, 1 N.Y.S. 919 (1888) (emphasis added). *See also Bartelt v. Smith*, 145 Wis. 31, 129 N.W. 782 (1911).

Other more recent legal authorities are not in conflict with this more tempered approach:

Where an improper person has been employed, it is held that fees should not be allowed, *at least where* the services were rendered in a manner influenced by the attorney's connection with the adverse party. Reasonable compensation may be made where there is no conflict of interest or duties and services rendered were valuable and performed with fidelity.

75 C.J.S. *Receivers* § 383 (1952) (emphasis added). *See also* 66 Am. Jur. 2d *Receivers* § 190 (1973).

Moore and Van Allen were not interlopers in this matter. They have not committed fraud upon the court. They have served

since 1979 under a court-ordered appointment. The procedural history of this litigation demonstrates that, as attorneys for the receivers, they were on occasion constrained to engage in activities and make decisions which inevitably elicited strong objection from both parties.

The trial judge was aware from the start of the potential—if not real—danger to the rights of the five corporate defendants created by this dual representation situation. Nevertheless, he found that the fees and expenses stated by the law firm were incurred while rendering professional services to the receivership in behalf of all the defendant corporations. The evidence supports this finding. The trial judge did not abuse his discretion in awarding the counsel fees. We therefore hold that on the facts of this case, the order awarding legal fees to the Moore and Van Allen firm for services rendered as attorneys for the receivers should be upheld.

The decision of the Court of Appeals is

Affirmed in part; reversed in part.

Justice COPELAND dissenting in part.

I must respectfully dissent in part. I do not agree with the majority opinion holding that under the facts there exists a conflict of interest sufficiently grave to disqualify Moore, Van Allen and Allen as counsel for the receivers of the seven corporate defendants. Judge Seay has unflinchingly stuck with this difficult matter from its inception. Many obstacles have been thrown in his path. I would return the matter to Judge Seay or some other judge assigned to Stanly County, for further hearings and appropriate findings as to the potential conflict of interest.

I concur in that portion of the opinion approving the order awarding legal fees to the Moore, Van Allen and Allen firm for services rendered as attorneys for the receivers.