LOIS L. HUDSON, JOE HUDSON, JENNELL H. RATTERREE, ELLEN HUDSON, BRUCE HUDSON, DAVID P. LOWDER, W. H. LOWDER, J. R. LOWDER, CYNTHIA L. PECK, MICHAEL LOWDER, AND DOUGLAS LOWDER, ON BEHALF OF ALL STAR MILLS, INC. v. ALL STAR MILLS, INC., MALCOLM M. LOWDER, PATTY S. LOWDER, HENRY C. DOBY, JR., JOHN M. BAHNER, JOHN P. ROGERS, ERNEST H. MORTON, JR., CHARLES E. HERBERT, DONALD R. BILLINGS, MOORE & VAN ALLEN, A PARTNERSHIP, BROWN, BROWN & BROWN, A PARTNERSHIP

No. 8320SC863

(Filed 15 May 1984)

**Receivers § 1.2— attack on validity of receivership—collateral actions not permissible**

Attacks on the validity of receiverships by collateral actions are not permissible under North Carolina law. Therefore, where all plaintiffs' allegations were properly subject to the jurisdiction of a receivership action over which a judge retained jurisdiction, the trial court properly entered summary judgment for defendants.

APPEAL by plaintiffs from *Preston, Judge*. Judgment entered 31 May 1983 in STANLY County Superior Court. Heard in the Court of Appeals 13 April 1984.

In 1973, W. H. (Horace) Lowder was convicted in federal court of income tax evasion. At trial in district court and on appeal to the Fourth Circuit Court of Appeals he represented himself. His conviction was upheld. He retained the firm of Brown, Brown, and Brown to petition for rehearing. When the petition failed, the Brown firm and the firm of Arent, Fox, Kintner, Plotkin and Khan of Washington, D.C. petitioned the United States Supreme Court for a writ of certiorari. This petition was also denied. The Brown firm also represented Horace in an attempt to have his sentence reduced and a plea that he be allowed to serve his sentence in the Stanly County Jail.

Sometime following this representation, Malcolm Lowder approached the Brown firm regarding problems with the family corporation. The law firm of Moore and Van Allen was associated to deal with this problem.

In 1979, Malcolm M. Lowder and his two sons instituted an action against Horace and several family corporations including All Star Mills, Inc., and All Star Industry, Inc. Malcolm and his sons sought damages and other relief based upon Horace's alleged unlawful conduct and abuse of his authority as a director and chief executive officer of the corporations. Malcolm specifically requested a receiver be appointed to manage the assets of the family corporations pending the trial of the action on its merits. On 9 February 1979, Judge Seay entered an order appointing receivers for the corporations and enjoining Horace from interfering with the authority of the receivers. On 14 February 1979, Judge Seay entered a supplemental receivership order in which he authorized the appointment of the law firm of Moore and Van Allen as counsel and the firms of Brown, Brown and Brown and Arent, Fox, Kintner, Plotkin and Khan as tax counsel for the corporations. On 21 February 1979, Horace was found in contempt of court for his failure to cooperate with the receivers.

In March 1979, Horace filed a grievance with the North Carolina State Bar, alleging that the Brown firm had revealed confidential information obtained at the time the Brown firm represented him in his various petitions before the federal courts on his tax convictions. The State Bar found no probable cause and dismissed the action.

On 24 April 1979, Horace filed a Chapter XI bankruptcy proceeding, the effect of which was to reinvest the receivership corporations' assets in himself. The proceeding was converted to a Chapter X proceeding and trustees were appointed. Following the dismissal of the bankruptcy proceeding the matters returned to the jurisdiction of Judge Seay's court because of his order retaining jurisdiction.

In May 1980, Judge Seay entered an order allowing fees for the attorneys, receivers and accountants. In *Lowder v. Mills, Inc.*, 301 N.C. 561, 273 S.E. 2d 247 (1981) (Lowder I), our supreme court affirmed Judge Seay's orders retaining jurisdiction and the appointment of the receivers. In *Lowder v. Mills, Inc.*, 60 N.C. App. 275, 300 S.E. 2d 230, *aff'd in part and reversed in part*, 309 N.C. 695, 309 S.E. 2d 193 (1983) (Lowder II), this court held that the trial court was correct in denying a motion to disqualify Brown, Brown, and Brown and Moore and Van Allen from appearing in the action and in denying a motion to vacate the receivership order.

Following the entry of these orders in the receivership action, which is still pending in Stanly County Superior Court, Horace and the intervening defendants brought this action alleging that the Brown firm had disclosed confidential information to Malcolm and Patty Lowder and Moore and Van Allen and that these parties and the receivers, trustees and their attorneys were involved in a conspiracy to cause All Star Mills' financial ruin by dissipating its assets, reducing the value of its stock and destroying the value of the corporation. The complaint also alleged that the receivers acted negligently by employing Malcolm to run the corporation, that the defendants attempted to create unnecessary attorney fees for the receivership and entered into an unwise tax settlement. Identical suits were filed on behalf of three other corporations. The parties by stipulation agree that a decision in this action will be binding in all four actions. Horace and various other parties have also filed three suits which are now before this court regarding other matters relating to the receiverships.

On 31 May 1983, Judge Preston entered an order dismissing this action as to all parties pursuant to their motions to dismiss. From this order the plaintiffs appealed.

*DeLaney, Millette, DeArmon and McKnight, by Ernest S. DeLaney for the plaintiffs.*

*Moore, Van Allen and Allen, by Randel E. Phillips for defendants Malcolm M. Lowder and Patty S. Lowder.*

*Jones, Hewson & Woolard, by Harry C. Hewson for defendants Henry C. Doby, Jr. and John M. Bahner.*

*Hartsell, Hartsell & Mills, P.A., by W. Erwin Spainhour for defendant John P. Rogers.*

*Wade and Carmichael, by R. C. Carmichael, Jr., for defendant Ernest H. Morton, Jr.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by William L. Stocks and Everett B. Saslow, Jr., for defendant Charles E. Herbert.*

*Walker, Palmer & Miller, P.A., by James E. Walker for defendant Donald R. Billings.*

*Golding, Crews, Meekins, Gordon & Gray, by James P. Crews for defendant Moore & Van Allen.*

*Bailey, Brackett and Brackett, by Martin L. Brackett, Jr., for defendant Brown, Brown, and Brown.*

WELLS, Judge.

The sole question presented for review is whether the trial court erred in granting defendants' motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure. It is apparent from the wording of the order of dismissal that the trial court considered the record of proceedings in *Lowder v. All Star Mills, Inc.*, No. 79CVS015, a civil action pending in the Stanly County Superior Court. Pursuant to the provisions of Rule 12(b)(6), defendants' motions were thus converted to Rule 56 motions for summary judgment. *See Smith v. Insurance Co.*, 43 N.C. App. 269, 258 S.E. 2d 864 (1979) and cases and authorities cited therein. Accordingly, we treat the trial court's order as constituting entry of summary judgment for defendants. Summary judgment is proper when it appears that even if the facts as claimed by plaintiff are taken as true, there can be no recovery. *Doggett v. Welborn*, 18 N.C. App. 105, 196 S.E. 2d 36, *cert. denied*, 283 N.C. 665, 197 S.E. 2d 873 (1973).

The allegations of plaintiffs' complaint reflect attempts to circumvent the pending receivership action through collateral attacks. Attacks on the validity of receiverships by collateral actions are not permissible under North Carolina law. In *Hall v. Shippers Express*, 234 N.C. 38, 65 S.E. 2d 333, *pet. to reh. dismissed*, 234 N.C. 747, 66 S.E. 2d 640 (1951) our supreme court held that where a receivership court has jurisdiction over a matter the only remedy is through the receivership proceeding. The court, in response to a creditors suit, which alleged that the receivership was instituted to defraud creditors, refused to permit a collateral attack saying: "[T]he court being one of competent jurisdiction in receivership proceedings, and having acquired jurisdiction of the parties and the subject matter in controversy, it may not be interfered with by any other court of co-ordinate authority. . . . 'That court which first takes cognizance of the controversy is entitled to retain jurisdiction until the end of the litigation, to the exclusion of all interference by other courts of concurrent jurisdiction.' " (Citations omitted.)

First, plaintiffs contend that the Brown firm obtained confidential information from Horace and communicated it to Malcolm and Peggy Lowder and Moore and Van Allen. This matter was previously at issue in the receivership action and is therefore not subject to collateral attack. *See Lowder II, supra.* Next, plaintiffs attempt to attack the appointment of the receivers because Horace was not represented by counsel. Under the rule established in *Hall v. Shippers Express, supra*, this is clearly not permitted.

Plaintiffs further complain about the receivers having enjoined Horace from participating in the business and about their alleged attempts to create unnecessary attorney and accounting fees. These matters are clearly within the purview of the receivership action and cannot be collaterally attacked. Plaintiffs further object to the tax settlement entered into by the receivers and contend the receivers have otherwise mismanaged the subject companies. Here again, the tax matters were at issue in *Lowder II, supra*, and the other issues are clearly ancillary to the receivership proceeding and must be raised there.

Finally, plaintiffs attempt to attack the receivers' and bankruptcy trustees' actions relating to the bankruptcy pro-

ceeding. Again, these actions may be properly addressed only in the receivership and bankruptcy proceeding.

Having determined that all plaintiffs' allegations are properly subject to the jurisdiction of the receivership action over which Judge Seay retained jurisdiction, we, therefore, hold that the trial court properly entered summary judgment for defendants.

Affirmed.

Judges BECTON and JOHNSON concur.