Lowder v. Rogers

W. H. LOWDER, J. R. LOWDER, AND ROSA M. LOWDER v. JOHN P. ROGERS, CHARLES E. HERBERT, HENRY C. DOBY AND JOHN M. BAHNER

No. 8320SC819

(Filed 15 May 1984)

**Receivers § 1.2— collateral attack on receivership action—impermissible**

Plaintiffs' attempt to have some court, other than a receivership court, declare that seized property did not fall within the control of the receivership court was an impermissible attempted collateral attack on a receivership action.

APPEAL by plaintiffs from *Preston, Judge.* Judgment entered 31 May 1983 in STANLY County Superior Court. Heard in the Court of Appeals 13 April 1984.

This is one of seven actions filed by W. H. (Horace) Lowder and other members of his family seeking to attack collaterally a receivership action involving seven interlocking family corporations owned by the Lowder family.

In this action the plaintiffs allege that the defendants, who were the duly appointed receivers and bankruptcy trustees for the family corporations, improperly took possession of certain real and personal property belonging to the plaintiffs.

Upon motions of the defendants, Judge Preston entered an order dismissing plaintiffs' action. From this order plaintiffs appealed.

*DeLaney, Millette, DeArmon, and McKnight, P.A., by Ernest S. DeLaney, for plaintiffs.*

*Hartsell, Hartsell & Mills, P.A., by W. Erwin Spainhour, for defendant John P. Rogers.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by William L. Stocks, and Everett B. Saslow, Jr., for defendant Charles E. Herbert.*

*Jones, Hewson & Woolard, by Harry C. Hewson, for defendants Henry C. Doby and John M. Bahner.*

WELLS, Judge.

The factual background surrounding this action is set forth in *Hudson v. All Star Mills, Inc.*, 68 N.C. App. 447, 315 S.E. 2d 514, *disc. rev. denied*, 311 N.C. 755, --- S.E. 2d --- (1984). The sole question that we must determine is whether the trial court erred in granting defendants' motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure. It is apparent from the wording of the order of dismissal that the trial court considered the record of proceedings in *Lowder v. All Star Mills, Inc.*, No. 79CVS015, a civil action pending in the Stanly County Superior Court. Pursuant to the provision of Rule 12(b)(6), defendants' motions were thus converted to Rule 56 motions for summary judgment. *See Smith v. Insurance Co.*, 43 N.C. App. 269, 258 S.E. 2d 864 (1979) and cases and authorities cited therein. Accordingly, we treat the trial court's order as constituting entry of summary judgment for defendants.

> The receivership order directed the receivers
>
> . . .
>
> to take possession of the assets, facilities, and offices of the corporate defendants, together with all of their records, correspondence, books of account, corporate minute books and all other corporate records, and the Receivers shall continue, manage, and operate the businesses until further order of this Court.

The plaintiffs' complaint is in essence an attempt to have some court other than the receivership court declare that the seized property does not fall within the control of the receivership court. This is not permissible. In *Hall v. Shippers Express*, 234 N.C. 38, 65 S.E. 2d 333, *pet. to reh. dismissed*, 234 N.C. 747, 66 S.E. 2d 640 (1951), our supreme court in ruling on an attempted collateral attack on a receivership action said:

> [T]he [receivership] court being one of competent jurisdiction in receivership proceedings, and having acquired jurisdiction of the parties and the subject matter in controversy, it may not be interfered with by any other court of co-ordinate authority.

Having determined that this action is an impermissible collateral attack on the receivership court's jurisdiction, the judgment of the trial court must be and is affirmed.

Affirmed.

Judges BECTON and JOHNSON concur.