MALCOLM M. LOWDER, MARK T. LOWDER AND DEAN A. LOWDER, PLAIN-
TIFFS v. ALL STAR MILLS, INC., LOWDER FARMS, INC., CAROLINA
FEED MILLS, INC., ALL STAR FOODS, INC., ALL STAR HATCHERIES,
INC., ALL STAR INDUSTRIES, INC., TANGLEWOOD FARMS, INC., CON-
SOLIDATED INDUSTRIES, INC., AIRGLIDE, INC., AND W. HORACE LOW-
DER, DEFENDANTS, AND CYNTHIA E. LOWDER PECK, MICHAEL W.
LOWDER, DOUGLAS E. LOWDER, LOIS L. HUDSON, INDIVIDUALLY AND AS
GUARDIAN AD LITEM FOR STEVE H. HUDSON, BRUCE E. HUDSON, BILLY
J. HUDSON, ELLEN H. BALLARD, JENNELL H. RATTERREE, DAVID P.
LOWDER, JUDITH R. LOWDER HARRELL, EMILY P. LOWDER COR-
NELIUS AND MYRON P. LOWDER, INTERVENING DEFENDANTS

No. 8620SC28

(Filed 19 August 1986)

**1. Receivers § 12.1— receivership fees and expenses—failure to allocate among corporations—order not final**

The trial court did not err in approving receivership fees and expenses of accountants, attorneys and receivers without allocating the various expenses among the seven corporate defendants in proportion to the services performed or expenses incurred on behalf of each corporation where the court's order is not a final judgment. When a final judgment is entered in the case, the total costs must be equitably apportioned among the defendant corporations.

**2. Attorneys at Law § 7.5; Corporations § 6— attorney fees—success in shareholder derivative action**

Plaintiffs were successful on the merits in part in the prosecution of a shareholder derivative action on behalf of a corporation so as to support an award of attorney fees under N.C.G.S. § 55-55(d), notwithstanding the jury found that the controlling director did not misappropriate a corporate opportunity, where the court made certain independent findings concerning the controlling director, the controlling director was removed, a receiver was appointed to protect the corporate assets, and the receiver and his attorney successfully negotiated with the IRS to reduce or eliminate tax claims against the corporation.

**3. Corporations § 6; Attorneys at Law § 7.5— shareholder derivative action—attorney fees—monetary benefit to corporation not required**

The statute allowing an award of attorney fees and expenses in a shareholder derivative action does not require that the fees and expenses be paid out of a monetary benefit received by the corporation as a result of the action. N.C.G.S. § 55-55(d).

**4. Corporations § 6; Attorneys at Law § 7.5— shareholder derivative action—attorney fees—insufficient findings**

The trial court's findings were insufficient to support amounts awarded as attorneys' fees in a shareholder derivative action where no findings were made indicating the number of hours reasonably expended; the nature or quality of

the work; the customary charge by other attorneys for similar services; the actual hourly rates used in arriving at the total fee award; whether this representation precluded opportunities to represent other clients; and whether the services were rendered on a contingency basis.

**5. Corporations § 6; Attorneys at Law § 7.5— shareholder derivative action—attorneys' fees—annual increase in hourly rate**

In awarding attorneys' fees under N.C.G.S. § 55-55(d) in a shareholder derivative action, the court does not abuse its discretion in approving a gradual, annual increase in each attorney's hourly rate to account for his or her increased experience and expertise, particularly in a case spanning several years.

**6. Corporations § 6; Attorneys at Law § 7.5— shareholder derivative action—attorneys' fees—variation in rates**

In awarding attorneys' fees in a shareholder derivative action, a variation in rates among attorneys who worked on different aspects of the representation may be justified by findings of fact explaining the difference in terms of complexity, attorney experience, relative success or the like.

**7. Corporations § 6; Attorneys at Law § 7.5— shareholder derivative action—attorneys' fees—merit bonus**

The trial court erred in adding a merit bonus of $40,000 to the fees awarded to plaintiffs' attorneys in a shareholder derivative action. Even if the federal merit-bonus rule may be applied in this state, there was nothing in the record to show that this is a "rare case" warranting a merit bonus.

APPEAL by defendants Lowder Farms, Inc., All Star Foods, Inc., All Star Hatcheries, Inc., All Star Industries, Inc., and Consolidated Industries, Inc., and all intervening defendants from *Seay, Judge.* Judgment and Order entered 23 August 1985 in Superior Court, STANLY County. Heard in the Court of Appeals 15 May 1986.

*Moore, Van Allen, Allen & Thigpen, by Jeffrey J. Davis and Randel E. Phillips, for plaintiff appellees.*

*Kluttz, Hamlin, Reamer, Blankenship & Kluttz, by William C. Kluttz, Jr., for receiver appellees.*

*Boyce, Mitchell, Burns & Smith, P.A., by Lacy M. Presnell III and Susan K. Burkhart, for defendant appellants except All Star Mills, Inc.*

*Hopkins, Hopkins & Tucker, by William C. Tucker, for intervening-defendant appellants and defendant appellant All Star Mills, Inc.*

BECTON, Judge.

This appeal is from (1) an order approving payment of $244,197.97 in fees and expenses to attorneys, accountants and receivers and (2) a judgment awarding $300,308.93 in attorneys' fees under N.C. Gen. Stat. Sec. 55-55(d) (1982) all incurred in connection with a court-ordered receivership.

I

This is the fourth time in six years this case has been through the appellate process; the procedural history and factual background of this matter are documented in several reported decisions. *See Lowder v. All Star Mills, Inc.*, 75 N.C. App. 233, 330 S.E. 2d 649, *disc. rev. denied*, 314 N.C. 541, 335 S.E. 2d 19 (1985); *Lowder v. All Star Mills, Inc.*, 60 N.C. App. 699, 300 S.E. 2d 241, *disc. rev. denied*, 308 N.C. 387, 302 S.E. 2d 250 (1983); *Lowder v. All Star Mills, Inc.*, 60 N.C. App. 275, 300 S.E. 2d 230, *aff'd in part, rev'd in part*, 309 N.C. 695, 309 S.E. 2d 193 (1983); *Lowder v. All Star Mills, Inc.*, 45 N.C. App. 348, 263 S.E. 2d 624 (1980), *aff'd in part, rev'd in part*, 301 N.C. 561, 273 S.E. 2d 247 (1981).

Briefly, the case arose both as a derivative shareholder action brought by minority shareholders on behalf of All Star Mills, Inc. (Mills) and Lowder Farms, Inc. (Farms), and an individual action for damages and other relief. The suit alleged that Horace Lowder abused his authority as chief executive officer of defendant corporations and misappropriated corporate opportunities in a scheme involving several corporations owned by the Lowder family. Plaintiffs alleged and proved that Horace Lowder wrongfully diverted assets from two corporations, in which plaintiffs owned an interest, into five corporations established and primarily owned by Horace Lowder. Plaintiffs sought, among other things, liquidation and dissolution of Mills, Farms, and Consolidated Industries, Inc. (Consolidated).

After a jury trial in 1983, judgment was entered finding that Horace Lowder had misappropriated assets of All Star Foods, Inc. (Foods), All Star Hatcheries, Inc. (Hatcheries) and All Star Industries, Inc. (Industries). The assets of Foods, Hatcheries and Industries were impressed with a constructive trust in favor of Mills. After a non-jury trial in 1984, an order appointing temporary receivers for Mills and Farms, that had been issued in

February 1979 pending the outcome of trial, was made permanent. The court also ordered the liquidation and dissolution of Mills, Farms and Consolidated. These judgments were affirmed on appeal, 75 N.C. App. 233, 330 S.E. 2d 649, as was the award of counsel fees incurred by attorneys appointed to provide services to the receivers during the temporary receivership, 309 N.C. 695, 309 S.E. 2d 193.

The liquidation and dissolution of the defendant corporations in receivership is currently underway. During the several years of litigation, the trial court has approved the employment of, and payment of fees and expenses to, court-appointed receivers, attorneys and accountants covering specific periods of time and specific professional services. And although they have not yet been paid, judicial approval of the fees and expenses assures these parties that, ultimately, they will be fairly compensated for their years of service.

On 23 August 1985, the trial court issued an Order approving the receivers' petition for authorization to pay their accountants and attorneys whom the court had expressly authorized the receivers to employ. The fees were for services previously rendered and documented in connection with the operation of the corporate defendants in receivership. The receivers also requested authorization to obtain reimbursement for services they rendered on behalf of the corporate defendants. The court authorized and directed the corporate defendants to pay the receivers', accountants' and attorneys' fees, but it did not apportion the payment obligations among the defendants.

Also on 23 August 1985, the trial court entered a judgment awarding attorneys' fees and expenses under G.S. Sec. 55-55(d) for the successful prosecution of the derivative shareholder action. The court ordered Mills and Farms to reimburse plaintiff Malcolm Lowder for expenses incurred in litigating the derivative claim and ordered the same defendants to pay plaintiffs' attorneys' fees and expenses.

The defendants challenge the 23 August 1985 Order and Judgment. They contend that the trial court erred (1) in ordering payment of the fees and expenses of the receivers, accountants and attorneys because the court failed to equitably allocate these costs among the corporate defendants; (2) in awarding attorneys'

fees under G.S. Sec. 55-55(d) because the plaintiff shareholders were not "successful" in their derivative action against Farms and conferred no "substantial benefit" on this corporate defendant; (3) in awarding attorneys' fees without sufficient evidence or factual findings; and (4) in awarding a $40,000 bonus to plaintiff's attorneys.

We affirm the trial court's order approving fees and expenses relating to the receivership. The award of fees under G.S. Sec. 55-55(d) is remanded for more detailed findings of fact and for the exclusion of the $40,000 bonus.

## II

[1] Defendants' first argument is that the court failed to allocate the various expenses related to the receivership among the seven corporate defendants according to the proportion of services performed or expenses incurred on behalf of each corporation. We agree that when a *final* judgment is entered in this case, total costs must be equitably apportioned among the defendant corporations. *Lowder v. All Star Mills, Inc.*, 60 N.C. App. at 289, 300 S.E. 2d at 238. But the order appealed from is not the final judgment in this case. The receivership has been made permanent and other fees and expenses certainly will accrue. We find no error in the approval of the payments detailed in the Order. This assignment of error is overruled.

## III

[2] Defendants next contend that attorneys' fees cannot be awarded against Farms in this case because the derivative claims were wholly unsuccessful as to Farms. General Statute Section 55-55(d) provides in part:

> If the action on behalf of the corporation is successful, in whole or in part, . . . the court may award the plaintiff the reasonable expenses of maintaining the action, including reasonable attorneys' fees.

Defendants argue that plaintiffs were "mere intermeddlers" who did not advance any corporate interest of Farms in the litigation.

First, the original complaint in this case alleged a multitude of wrongful acts by Horace Lowder against several corporate and individual defendants and sought several forms of relief. The fees

and expenses awarded under G.S. Sec. 55-55(d) must relate solely to the derivative action on behalf of corporate defendants Mills and Farms; it must not include fees and expenses incurred in connection with other parts of the proceedings, such as claims for liquidation and dissolution. *See Miller v. Ruth's of North Carolina, Inc.,* 68 N.C. App. 40, 313 S.E. 2d 849, *disc. rev. denied,* 311 N.C. 760, 321 S.E. 2d 140 (1984). The trial court specifically addressed this point in its judgment and provided that the award did not cover services rendered in the bankruptcy court, in representing the receivers, or in prosecuting the minority shareholders' action for liquidation and dissolution.

Defendants admit that plaintiffs were successful, at least in part, on the merits in their action on behalf of Mills. The jury returned a verdict finding that Horace Lowder had misappropriated corporate opportunities of Mills, and the court imposed constructive trusts in favor of Mills to enforce the return of its assets. But, defendants argue, because the jury found that Horace Lowder did not misappropriate a corporate opportunity of Farms, plaintiffs did not succeed on the merits as to Farms and cannot recover fees or expenses under G.S. Sec. 55-55(d).

Even though plaintiffs were not successful at trial on the specific issues submitted to the jury relating to Farms, plaintiffs were partially successful in their action on behalf of Farms. When the trial court received and adopted the findings of the jury, the court also made several specific "additional independent findings and conclusions" which the court found and concluded were "sufficient reasons to justify the relief requested by plaintiffs notwithstanding the presence or absence of the jury verdict." These included findings that (1) Horace Lowder was increasing his "exercise of complete control" over the companies; (2) he refused to allow plaintiff a position of more authority or participation in the companies; (3) he exhibited "an attitude of domination of the companies' affairs" by (a) his handling of tax claims against the companies without counsel, (b) his practice of management without consultation with other shareholders, (c) his control of other companies in which he had larger interests, and (d) his taking of treasury stock for himself without consultation with other stockholders; and (4) plaintiff was unlikely to "realize his reasonable expectations" regarding the affairs of the companies. The judgment

was explicitly tailored to redress these problems and to protect plaintiffs' interests, including their interest in Farms.

Furthermore, in the original complaint, plaintiffs specifically sought, among other things, to have Horace Lowder removed as director of Farms; to prevent Horace Lowder from attempting to defend Farms against Internal Revenue Service claims for a substantial amount of unpaid taxes plus penalties; and to have a permanent receiver appointed to protect the assets of Farms and properly defend the tax claims. The trial court found, and we agree, that plaintiffs were successful in pursuing these forms of relief.

Horace Lowder was removed. A temporary receiver was appointed, and later made permanent, to protect the assets of Farms. And the receiver and his attorneys succeeded in negotiating with the IRS to reduce or eliminate the tax claims against Farms. Moreover, these benefits obtained for Farms were defended successfully on two separate appeals. We conclude that plaintiffs were successful on the merits in part in the prosecution of their derivative claims on behalf of Farms, notwithstanding the jury verdict.

We decline to interpret "success on the merits" as narrowly as defendants do in this case. Defendants also urge us to adopt a new requirement—that the plaintiffs' action confer a "substantial benefit" on the corporation. Because we believe the removal of the self-dealing, controlling director from office and the appointment of a permanent receiver to protect the corporation in this case did confer a substantial benefit on Farms, we need not consider whether an award should fail for lack of such circumstances.

Finally, we reject defendants' contention that the award of $60,061.78 in attorneys' fees against Farms is unconscionable because plaintiffs' attorneys originally accepted the case on a contingent fee basis. The record indicates that the contingent fee contract with plaintiffs' attorneys provided that any fees received by plaintiffs' counsel from any source would be credited against the twenty-five percent obligation in the contract. This is patently reasonable.

IV

[3]   Defendants argue that even if plaintiffs did succeed on the merits, the fee award under G.S. Sec. 55-55(d) must be reversed because the court failed to consider the proper factors to determine the award. First, defendants assert that there can be no fee award in the absence of a monetary benefit conferred on the corporation. Because the rationale for awarding fees under that statute is to allow the cost of the action to be paid out of the proceeds, defendants argue, the court must identify some financial benefit conferred on the corporation by the derivative action from which costs and fees may be awarded. Defendants point to the language in the statute requiring the court to "direct the plaintiff to account to the corporation for the remainder of any proceeds of the action."

Contrary to defendants' contention, the statute does not provide, directly or indirectly, that the award of fees and expenses cannot exceed the specific monetary recovery. The statute requires the plaintiffs to account to the corporation in the event there is a "remainder of any proceeds of the action," and clearly allows derivative actions for injunctive relief to prevent wrongful depletion of corporate assets. Many justifiable and successful actions will benefit a corporation over a long period of time — such as actions to enjoin gross mismanagement — and the benefit to the corporation may be difficult or impossible to quantify. The statute does not impose a requirement to quantify the financial success of the derivative claim before fees may be awarded. The plaintiff need only succeed, in whole or in part, on behalf of the corporation. Whether the expense incurred by plaintiffs in conferring a benefit on the corporation is excessive or unreasonable is a determination for the trial court to make in adjusting the award of costs and fees.

[4]   We do find merit in defendants' argument that the court failed to include sufficient findings of fact to support the specific fee amounts awarded. The only findings of fact relevant to whether the attorneys' hours and rates were reasonable in this case were the findings that plaintiffs' attorneys were successful on behalf of Mills and Farms; that a bonus was justified, *see* Part V, *infra*; and the following:

4. Plaintiff Malcolm Lowder has incurred $6,085.99 in reasonable expenses directly as the result of the prosecution of this action.

5. Plaintiffs' counsel, Moore, Van Allen, Allen & Thigpen, has provided legal services, and advanced expenses, in the prosecution of the derivative action on behalf of Plaintiffs which, at rates which are reasonable for cases such as this, aggregate to a total of $260,308.93.

There are no findings indicating the number of hours reasonably expended; the nature or quality of the work; the customary charge (hours or rates) by other attorneys for similar services; the actual hourly rates used in arriving at the total fee award; whether this representation precluded opportunities to represent other clients; or whether the services were rendered on a contingency basis. The findings are deficient under *Owensby v. Owensby*, 312 N.C. 473, 322 S.E. 2d 772 (1984). Although our review of the record reveals that evidence for all or nearly all of these findings is readily available, an effective review of the trial court's exercise of discretion is not possible in this case. Therefore it must be remanded for more specific findings. *Owensby.*

[5, 6] Because certain additional issues raised in defendants' argument are likely to arise on remand, we address them here. First, we see no abuse of discretion in approving a gradual, annual increase in each attorney's hourly rate to account for his or her increased experience and expertise, particularly in a case such as this one spanning several years. Second, the variation in rates among attorneys who worked on different aspects of the representation may be justified by findings of fact explaining the difference in terms of complexity, attorney experience, relative success or the like. Indeed, it is by this variation, not bonuses, that attorneys may be rewarded for excellent service and perseverance through complex and lengthy proceedings.

Finally, we note that the court failed to support its determination that 80% of the attorneys' fees and expenses be paid by Mills and 20% by Farms. We realize it is difficult to justify any specific numerical division of this burden, and the difficulty inherent in this determination will be taken into account by the appellate courts if called upon to review the trial court's decision. But a more specific explanation for the unequal apportionment

must be offered than the general statement that the benefits obtained on behalf of each corporate defendant were disproportionate.

V

[7] Defendants' final argument is that the $40,000 merit bonus added by the court to the attorneys' fee award was improper. We agree.

The trial court found that the case was "bitterly contested, involving unique questions of law and . . . intense personal conflict. In addition, the matter has been quite protracted, through no fault of Plaintiffs or Plaintiffs' counsel." The court then, in its discretion, increased the award by $40,000.

"Where attorneys' fees are properly awarded, the amount of the award rests within the discretion of the trial court and is reviewable on appeal only for an abuse of discretion." *Owensby*, 312 N.C. at 475, 322 S.E. 2d at 774 (citation omitted). An award of a merit bonus, based on factors that are properly considered in the initial determination of the hourly rates and the number of hours reasonably expended, is an abuse of discretion. *Coastal Productions Credit Association v. Goodson Farms, Inc.*, 70 N.C. App. 221, 319 S.E. 2d 650, *disc. rev. denied*, 312 N.C. 621, 323 S.E. 2d 922 (1984). In this State, the proper time to consider the many factors relevant in determining reasonable fees is in setting the attorneys' hourly rates. *Id.* These factors include the novelty and complexity of the issues involved; the magnitude of the task; and the nature, scope and quality of the legal services. *See Owensby; Coastal Productions*.

In *Coastal Productions*, this Court left open the question whether, in the "rare case," North Carolina trial courts may follow the federal rule and award a merit bonus when the attorneys show they have provided "superior quality representation and exceptional success. *See Blum v. Stenson*, --- U.S. ---, 79 L.Ed. 2d 891, 104 S.Ct. 1541 (1984)." 70 N.C. App. at 229, 319 S.E. 2d at 656.

Under the federal rule, most of the numerous considerations relating to the value of the legal services are subsumed within the calculation of the "lodestar" figure—the product of the reasonable hours and the hourly rates. *Pennsylvania v. Delaware*

*Valley Citizens' Council for Clean Air*, 54 U.S.L.W. 5017, 5022 (U.S. July 2, 1986). The Supreme Court's reasoning is persuasive:

> [W]e specifically held in *Blum* that the "novelty [and] complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained" from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award. *Id.*, at 898-900. Although upward adjustments of the lodestar figure are still permissible, *id.*, at 901, such modifications are proper only in certain "rare" and "exceptional" cases, supported by both "specific evidence" on the record and detailed findings by the lower courts. See *id.*, at 898-901.

> · A strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a "reasonable" fee is wholly consistent with the rationale behind the usual fee-shifting statute, including the one in the present case. These statutes were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client. Instead, the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws. . . .

> Moreover, when an attorney first accepts a case and agrees to represent the client, he obligates himself to perform to the best of his ability and to produce the best possible results commensurate with his skill and his client's interests. Calculating the fee award in a manner that accounts for these factors, either in determining the reasonable number of hours expended on the litigation or in setting the reasonable hourly rate, thus adequately compensates the attorney, and leaves very little room for enhancing the award based on his post-engagement performance. In short, the lodestar figure includes most, if not all, of the relevant factors comprising a "reasonable" attorney's fee. . . .

54 U.S.L.W. at 5022.

Furthermore, by limiting the number of points in the process of calculating a fee award at which a trial court may adjust the figures, in its discretion, to accurately reflect the value of services rendered, the appellate courts are better able to review the trial court's decisions.

Even assuming, as we did in *Coastal Productions*, that the federal merit-bonus rule may be applied in this State, there is nothing in the record, either in the evidence or in the court's findings, to show that this is a "rare case" warranting a merit bonus.

## VI

For the reasons set forth above, the Order approving payment of fees and expenses to receivers, attorneys and accountants is affirmed. The Judgment awarding attorneys' fees under G.S. Sec. 55-55(d) is remanded for the court (1) to make additional findings in accord with this opinion and (2) to exclude the $40,000 merit bonus.

The Order of 23 August 1985 is affirmed.

The Judgment of 23 August 1985 is remanded.

Judges ARNOLD and WELLS concur.