MALCOLM M. LOWDER, MARK T. LOWDER AND DEAN A. LOWDER, PLAIN-TIFFS v. ALL STAR MILLS, INC., LOWDER FARMS, INC., CAROLINA FEED MILLS, INC., ALL STAR FOODS, INC., ALL STAR HATCHERIES, INC., ALL STAR INDUSTRIES, INC., TANGLEWOOD FARMS, INC., CONSOLIDATED INDUSTRIES, INC., AIRGLIDE, INC., AND W. HORACE LOWDER, DEFENDANTS, AND CYNTHIA E. LOWDER PECK, MICHAEL W. LOWDER, DOUGLAS E. LOWDER, LOIS L. HUDSON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR STEVE H. HUDSON, BRUCE E. HUDSON, BILLY J. HUDSON, ELLEN H. BALLARD, JENNELL H. RATTERREE, DAVID P. LOWDER, JUDITH R. LOWDER HARRELL, EMILY P. LOWDER[,] CORNELIUS AND MYRON P. LOWDER, INTERVENING DEFENDANTS

No. 8920SC1029

(Filed 18 September 1990)

**1. Appeal and Error § 510 (NCI4th)— frivolous appeal—remand for sanctions**

An appeal from trial court orders denying claims filed with receivers and approving accounting, legal, and other fees was frivolous and was remanded to the trial court for a hearing on sanctions under Rule 34 of the North Carolina Rules of Appellate Procedure.

**Am Jur 2d, Appeal and Error §§ 912, 1024.**

**2. Corporations § 14 (NCI3d); Receivers § 12.4 (NCI3d)— claim for attorney fees and wages during receivership—denied**

The trial court did not err by denying the majority shareholders' claim for attorney fees and by denying a claim for wages during the receivership where the intervening defendants, who were claiming attorney fees, had not been successful at any time in the litigation and there was thus no basis for awarding attorney fees, and the claim for wages was without basis because the party claiming wages had been discharged by the receivers and ordered not to interfere in any way with any of the companies in receivership.

**Am Jur 2d, Receivers §§ 285, 293.**

APPEAL by defendants All Star Mills, Inc., Lowder Farms, Inc., All Star Foods, Inc., All Star Hatcheries, Inc., All Star Industries, Inc., Consolidated Industries, Inc., W. Horace Lowder and Billy Joe Hudson from Orders of *Judge Thomas W. Seay, Jr.,* entered 25 April 1989 in STANLY County Superior Court. Heard in the Court of Appeals 4 April 1990.

## LOWDER v. ALL STAR MILLS, INC.

[100 N.C. App. 322 (1990)]

*Moore & Van Allen, by Jeffrey J. Davis, James P. McLoughlin, Jr., and Frank C. Patton, III, for plaintiff appellees.*

*Kluttz, Hamlin, Reamer, Blankenship & Kluttz, by William C. Kluttz, Jr., for receiver appellees.*

*Billy Joe Hudson, pro se.*

*W. Horace Lowder, pro se.*

COZORT, Judge.

[1] This appeal is the latest in a long series of vexatious appeals brought by defendant W. Horace Lowder, acting purportedly on behalf of the corporate defendants. The case below has its origins in a derivative action brought more than ten years ago by certain minority shareholders on behalf of All Star Mills, Inc. ("Mills"), Consolidated Industries, Inc. ("Consolidated"), and Lowder Farms, Inc. ("Farms"). After trial the jury found that Horace Lowder had misappropriated a corporate opportunity of Mills through the formation and operation of All Star Foods, Inc. ("Foods"), All Star Industries, Inc. ("Industries"), and All Star Hatcheries, Inc. ("Hatcheries"). Based on the jury's verdict, judgment was entered in January 1984 by which the assets of Foods, Industries, and Hatcheries were impressed with a constructive trust in favor of Mills. After a subsequent bench trial on the dissolution and liquidation phase of the case, the court entered judgment in April 1984, making permanent the receivership of Mills, Consolidated, and Farms previously ordered in February 1979; Foods, Hatcheries, and Industries came under the receivership by virtue of the constructive trust. The judgment of April 1984 ordered the liquidation and dissolution of Mills, Farms, and Consolidated. Both the January and April 1984 judgments were affirmed by this Court in *Lowder v. All Star Mills, Inc.*, 75 N.C. App. 233, 330 S.E.2d 649, *disc. review denied*, 314 N.C. 541, 335 S.E.2d 19 (1985).

In the case below Horace Lowder assigns error to the 25 April 1989 Orders of the trial court (1) denying certain claims filed with the receivers and (2) approving accounting, legal, and receivers-trustees fees and directing payment from the liquidating trust of Lowder Farms, Inc., until allocation can be finally determined. Because defendant Lowder lacks standing to represent the nominally defendant corporations, we address none of his assignments of error and dismiss his appeal.

LOWDER v. ALL STAR MILLS, INC.

[100 N.C. App. 322 (1990)]

As this Court has previously held, "[Horace] Lowder has no standing to appeal on behalf of the corporate defendants which are now in receivership." *Lowder v. All Star Mills, Inc.*, 91 N.C. App. 621, 622, 372 S.E.2d 739, 740, *disc. review denied*, 324 N.C. 113, 377 S.E.2d 234 (1988). As the Court noted,

> "the only person who may appeal is the 'party aggrieved.' " . . . A receiver appointed by the court represents both the owners and the creditors. Thus, if a substantial right of the corporations is affected, the permanent receivers are the parties aggrieved. [A]fter the appointment of receivers is affirmed or becomes final, only the receivers or an attorney representing the receivers may file notice of appeal on behalf of the corporations.

*Id.* at 624, 372 S.E.2d at 741 (citations omitted).

In this appeal, as in many previous appeals, the essence of Horace Lowder's argument is that the trial court exceeded its jurisdiction and authority by entering any order whatsoever. That argument has been repeatedly rejected. We find that this appeal, on the same grounds that have proved baseless in past appeals, is patently frivolous. We thus remand the cause to the trial court for a hearing, pursuant to Rule 34(c) of the North Carolina Rules of Appellate Procedure, to determine whether the sanctions provided by Rule 34(b)(2) or (b)(3) should be imposed.

[2] Turning to the appeal of the intervening defendants, we note that, apart from repeating Horace Lowder's argument, they contend that the trial court erred in denying the majority shareholders' claim for attorney's fees and in denying Billy Joe Hudson's claims for wages during the receivership. Both contentions are without merit.

Regarding the first contention, the Business Corporation Act in effect at the pertinent times in the course of this litigation provided that, in a shareholders' derivative action,

> (d) If the action on behalf of the corporation is successful, in whole or part, whether by means of a compromise and settlement or by a judgment, the court may award the plaintiff the reasonable expenses of maintaining the action, including reasonable attorneys' fees, and shall direct the plaintiff to account to the corporation for the remainder of any proceeds of the action.

LOWDER v. ALL STAR MILLS, INC.

[100 N.C. App. 322 (1990)]

(e) In any such action the court, upon final judgment and a finding that the action was brought without reasonable cause, may require the plaintiff or plaintiffs to pay to the defendant or defendants the reasonable expenses, including attorneys' fees, incurred by them in the defense of the action.

N.C. Gen. Stat. § 55-55(d), (e) (1975). At no time in this litigation have the intervening defendants been successful. *See Lowder v. All Star Mills, Inc.*, 82 N.C. App. 470, 346 S.E.2d 695 (1986) (affirming award of attorneys' fees to plaintiffs under § 55-55(d) because of their success in the original derivative actions); and *Lowder on Behalf of Doby v. Doby*, 79 N.C. App. 501, 340 S.E.2d 487, *disc. review denied*, 316 N.C. 732, 345 S.E.2d 388 (1986) (affirming award of attorneys' fees under § 55-55(e) to be paid by Horace Lowder and the intervening defendants as unsuccessful plaintiffs in subsequent derivative actions). Thus, there is no basis for awarding attorneys' fees to the intervening defendants.

Regarding their second contention, it is sufficient to note that on 12 February 1979 Billy Joe Hudson was discharged by the receivers and on 23 February 1979 Billy Joe Hudson was enjoined "not to interfere in any way or manner whatsoever with any of the assets or properties or employees of the companies in receivership."

As the trial court found in its Order of 25 April 1989, Hudson's claim for wages is without legal basis.

As to the intervening defendants, the trial court's Orders of 25 April 1989 are affirmed.

As to defendant Horace Lowder, the appeal is dismissed.

Affirmed in part; dismissed in part; and remanded.

Chief Judge HEDRICK and Judge PARKER concur.