LOWDER v. ALL STAR MILLS, INC.

[100 N.C. App. 318 (1990)]

———————

MALCOLM M. LOWDER, MARK T. LOWDER AND DEAN A. LOWDER, PLAINTIFFS v. ALL STAR MILLS INC., LOWDER FARMS, INC., ALL STAR FOODS, INC., ALL STAR HATCHERIES, INC., ALL STAR INDUSTRIES, INC., CONSOLIDATED INDUSTRIES, INC., AND W. HORACE LOWDER, DEFENDANTS, AND CYNTHIA E. LOWDER PECK, MICHAEL W. LOWDER, DOUGLAS E. LOWDER, LOIS L. HUDSON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR STEVE H. HUDSON, BRUCE E. HUDSON, BILLY J. HUDSON, ELLEN H. BALLARD, JENNELL H. RATTERREE, DAVID P. LOWDER, JUDITH R. LOWDER, R. LOWDER HARRELL, EMILY P. LOWDER, CORNELIUS AND MYRON P. LOWDER, INTERVENING DEFENDANTS

No. 8920SC1100

(Filed 18 September 1990)

**Contempt of Court § 8 (NCI3d) — civil and criminal contempt — appeal — authority of trial court**

      A trial court ruling that it was without authority to hold defendant Lowder in contempt because of pending appeals was reversed and remanded for further proceedings where plaintiffs filed a motion for an order to show cause why defendant Horace Lowder should not be held in contempt in that his appeals on behalf of the corporate defendants, when he has no standing to appeal, are in violation of a trial court order enjoining him from exercising any form of control or management of the business of any of the corporate defendants; the motion requested that the trial court consider both criminal contempt and civil contempt; and the trial court ruled after a hearing that it was without authority to hold defendant Lowder in contempt because his then pending appeals of trial court orders divested the court of jurisdiction. The issue of civil contempt based on appeals which have been resolved is moot, but the trial court has jurisdiction to consider criminal contempt and the court would have jurisdiction to consider

LOWDER v. ALL STAR MILLS, INC.

[100 N.C. App. 318 (1990)]

civil contempt for future filing of appeals in violation of court directives.

**Am Jur 2d, Contempt § 54.**

APPEAL by plaintiffs from Order of *Judge Howard R. Greeson, Jr.*, entered 31 July 1989 in STANLY County Superior Court. Heard in the Court of Appeals 4 April 1990.

*Moore & Van Allen, by Frank C. Patton, III, for plaintiff appellants.*

*W. Horace Lowder, pro se, defendant appellees.*

COZORT, Judge.

On 4 April 1989, the plaintiffs filed a motion for an order to show cause why defendant Horace Lowder should not be held in contempt for violating a permanent receivership order as well as injunctions of the trial court. The motion requested that the trial court consider both criminal contempt and civil contempt. After a show cause hearing, the trial court ruled on 31 July 1989 that it was without authority to hold defendant Lowder in contempt because his then pending appeals of trial court orders divested the court of jurisdiction. The plaintiffs contend that the trial court has authority to hold defendant Lowder in contempt for violating its injunctions, judgments, and permanent receivership order despite his appeals of subsequent court orders. We agree.

The case below is the latest installment in litigation that began over ten years ago as a shareholder's derivative action and an individual action for damages and other relief. The facts and procedural history of this matter are set out in a number of reported decisions. See *Lowder v. All Star Mills, Inc.*, 82 N.C. App. 470, 472, 346 S.E.2d 695, 696-97 (1986). For our purposes it is sufficient to note the following: (1) on 12 February 1979 the trial court enjoined Horace Lowder from

(a) Managing, or in any way attempting to manage, any portion of the business or businesses operated by any of the corporate Defendants.

(b) Communicating in any way to employee [*sic*] of any of the corporate Defendants concerning business of the corporate Defendants, unless specifically requested by the Receivers.

LOWDER v. ALL STAR MILLS, INC.

[100 N.C. App. 318 (1990)]

(c) Going on the premises of any land owned or leased by any of the corporate Defendants, without the express permission, on each occasion, of the Receivers.

(d) Exercising any form of dominion, control, or management over the business of any of the corporate Defendants.

(2) on 25 January 1984 the court entered judgment against Horace Lowder for misappropriating a corporate opportunity; (3) on 30 April 1984, the court entered judgment ordering the dissolution and liquidation of All Star Mills, Inc., Lowder Farms, Inc., and Consolidated Industries, Inc., and making permanent the receivership already established; (4) both of these judgments were affirmed by *Lowder v. All Star Mills, Inc.*, 75 N.C. App. 233, 330 S.E.2d 649, *disc. review denied*, 314 N.C. 541, 335 S.E.2d 19 (1985).

Despite these final judgments, defendant Lowder, purporting to act on behalf of the corporate defendants, has appealed nearly every subsequent order entered by the trial court to effectuate dissolution and liquidation. This Court has reiterated that defendant "Lowder has no standing to appeal on behalf of the corporate defendants which are now in receivership." *Lowder v. All Star Mills, Inc.*, 91 N.C. App. 621, 622, 372 S.E.2d 739, 740, *disc. review denied*, 324 N.C. 113, 377 S.E.2d 234 (1988). Nevertheless, Lowder has continued to appeal trial court orders, most recently the court's orders of 25 April 1989 denying certain claims filed with the receivers and approving legal, accounting, and receivers-trustees fees.

On appeal the plaintiffs contend that the trial court erred in ruling that it was without authority to hold Horace Lowder in "contempt for appealing various orders to the North Carolina Court of Appeals in the name of the corporate defendants." Contempt proceedings may be divided into two kinds:

criminal and civil. Criminal proceedings are those brought to preserve the power and to vindicate the dignity of the court and to punish for disobedience of its processes or orders. Civil proceedings are those instituted to preserve and enforce the rights of the parties to actions and to compel obedience to orders and decrees made for the benefit of the suitors.

*Galyon v. Sutts*, 241 N.C. 120, 123, 84 S.E.2d 822, 825 (1954).

Plaintiffs contend that defendant Lowder should be held in contempt of court because his appeals on behalf of the corporate

LOWDER v. ALL STAR MILLS, INC.

[100 N.C. App. 318 (1990)]

defendants, when he has no standing to appeal, are in violation of the trial court's order of 12 February 1979, enjoining him from "[e]xercising any form of dominion, control, or management over the business of any of the corporate Defendants." Plaintiffs also contend that defendant Lowder's appeals are in violation of the court's order of permanent receivership, contained in the final judgment of 30 April 1984. The ability to comply with a contempt decree is a prerequisite to civil contempt proceedings. Dobbs, Handbook on the Law of Remedies § 2.10 (1973). Thus, a dismissal or other resolution of any of Horace Lowder's latest appeals would render the plaintiffs' appeal moot as to *civil* contempt proceedings based on the appeals which have been resolved. However, *criminal* contempt proceedings may still be pursued to punish defendant Lowder for disobedience of the trial court's orders.

Lowder argues that his latest appeals divested the trial court of its authority not only as to those cases but also as to enforcement of the court's previous orders and judgments. We reject that argument. An appeal stays "further proceedings in the court below upon the judgment appealed from . . . but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from." N.C. Gen. Stat. § 1-294 (1989). Defendant Lowder's subsequent appeals could have no effect upon the court's judgment of 30 April 1984 which has long since become final.

In summary the result of the appeal is: (1) the issue of civil contempt proceedings based on Horace Lowder's appeals which have been resolved is moot; (2) the trial court has jurisdiction to consider criminal contempt based on Horace Lowder's violations of court directives; and (3) the trial court would have jurisdiction to consider civil contempt for Horace Lowder's future filing of appeals in violation of court directives. The trial court's order of 31 July 1989 is reversed, and the cause remanded for further proceedings.

Reversed and remanded.

Chief Judge HEDRICK and Judge PARKER concur.