MALCOLM M. LOWDER, ET AL. )
                                         ) ORDER
      v.                            ) AND
                                           ) JUDGMENT
ALL STAR MILLS, INC., ET AL. )

No. 9020SC897

(Filed 27 September 1991)

UPON motion for sanctions by Malcolm M. Lowder et al, appellees, under North Carolina Appellate Rule 34, this Court issued an order on the 18th day of July 1991 directing W. Horace Lowder, appellant, to appear on 26 August 1991 and show cause why he should not be sanctioned. A sanctions hearing was scheduled and the parties were allowed oral argument and briefs, if desired. Both appellant and appellees appeared, submitted briefs, made oral arguments and filed affidavits.

This Court considered the voluminous previous appeals filed in this Court for which appellant stated he and his adherents had expended more than $800,000.00 since 1977 in attorneys' fees. He also indicated that the value of the family corporations involved in these proceedings in which W. Horace Lowder has a substantial interest was some $20,000,000 when this litigation began.

Following the hearing in the Court of Appeals pursuant to Rule 34(d), and considering the entire record in this appeal and previous appeals, the Court finds:

    1) that here W. Horace Lowder has appealed on behalf of the corporate defendants despite this Court's repeated rulings that he has no standing to make motions or appeal on behalf of the corporate defendants now in receivership. *Lowder v. All Star Mills*, 301 N.C. 561, 273 S.E.2d 247 (1981), *appeal after remand*, 60 N.C. App. 275, 300 S.E.2d 230 (1983), *aff'd in part, rev'd in part*, 309 N.C. 695, 309 S.E.2d 193 (1983), *reh'g denied*, 310 N.C. 749, 319 S.E.2d 266 (1984); *Lowder v. All Star Mills*, 100 N.C. App. 322, 396 S.E.2d 95 (1990), *disc.*

*rev. denied,* 327 N.C. 636, 398 S.E.2d 869 (1990); *Lowder v. All Star Mills,* 91 N.C. App. 621, 372 S.E.2d 739 (1988), *disc. rev. denied,* 324 N.C. 113, 377 S.E.2d 234 (1989); *Lowder v. All Star Mills,* 100 N.C. App. 318, 396 S.E.2d 92 (1990), *disc. rev. denied,* 327 N.C. 636, 398 S.E.2d 870 (1990).

2) that in this appeal W. Horace Lowder argues that the trial court lacks jurisdiction and exceeds its authority by entering any order whatsoever, in spite of this Court's previous clear rejection of this argument. *Lowder v. All Star Mills,* 100 N.C. App. 322, 396 S.E.2d 95 (1990), *disc. rev. denied,* 327 N.C. 636, 398 S.E.2d 869 (1990); *Lowder v. All Star Mills,* 91 N.C. App. 621, 372 S.E.2d 739 (1988), *disc. rev. denied,* 324 N.C. 113, 377 S.E.2d 234 (1989); *Lowder v. All Star Mills,* 301 N.C. 561, 273 S.E.2d 247 (1981), *appeal after remand,* 60 N.C. App. 275, 300 S.E.2d 230 (1983), *aff'd in part, rev'd in part,* 309 N.C. 695, 309 S.E.2d 193 (1983), *reh'g denied,* 310 N.C. 749, 319 S.E.2d 266 (1984); *Lowder v. All Star Mills,* 100 N.C. App. 318, 396 S.E.2d 92 (1990), *disc. rev. denied,* 327 N.C. 636, 398 S.E.2d 870 (1990).

3) that this appeal is the latest of a series of vexatious appeals, *see Lowder v. Doby,* 68 N.C. App. 491, 315 S.E.2d 517 (1984), *disc. rev. denied,* 311 N.C. 759, 321 S.E.2d 138 (1984), based on a variety of arguments repeatedly rejected by the appellate courts of this state since the ruling by the Supreme Court in *Lowder v. All Star Mills, Inc.,* 301 N.C. 561, 273 S.E.2d 247 (1981), *appeal after remand,* 60 N.C. App. 275, 300 S.E.2d 230 (1983), *aff'd in part, rev'd in part,* 309 N.C. 695, 309 S.E.2d 193 (1983), *reh'g denied,* 310 N.C. 749, 319 S.E.2d 266 (1984). *Lowder v. Lowder,* 68 N.C. App. 505, 315 S.E.2d 520 (1984), *disc. rev. denied,* 311 N.C. 759, 321 S.E.2d 138 (1984); *Lowder v. Rogers,* 68 N.C. App. 507, 315 S.E.2d 519 (1984), *disc. rev. denied,* 312 N.C. 83, 321 S.E.2d 896 (1984); *Hudson v. All Star Mills, Inc.,* 68 N.C. App. 447, 315 S.E.2d 514 (1984), *disc. rev. denied,* 311 N.C. 755, 321 S.E.2d 134 (1984); *Lowder v. Doby,* 79 N.C. App. 501, 340 S.E.2d 487 (1986), *disc. rev. denied,* 316 N.C. 732, 345 S.E.2d 388 (1986); *Lowder v. All Star Mills, Inc.,* 85 N.C. App. 329, 354 S.E.2d 765 (1987), *cert. denied,* 320 N.C. 169, 357 S.E.2d 926 (1987); *Lowder v. All Star Mills, Inc.,* 91 N.C. App. 621, 372 S.E.2d 739 (1988), *disc. rev. denied,* 324 N.C. 113, 377 S.E.2d 234 (1989); *Lowder v. All Star Mills, Inc.,* 100 N.C. App. 318, 396 S.E.2d 92 (1990),

LOWDER v. ALL STAR MILLS

[104 N.C. App. 305 (1991)]

*disc. rev. denied,* 327 N.C. 636, 398 S.E.2d 870 (1990); *Lowder v. All Star Mills, Inc.,* 100 N.C. App. 322, 396 S.E.2d 95 (1990), *disc. rev. denied,* 327 N.C. 636, 398 S.E.2d 869 (1990).

4) that this Court in *Lowder v. All Star Mills, Inc.,* 100 N.C. App. 322, 396 S.E.2d 95 (1990), *disc. rev. denied,* 327 N.C. 636, 398 S.E.2d 869 (1990), determined that W. Horace Lowder's appeal was "patently frivolous" and remanded "the cause to the trial court for hearing, pursuant to Rule 34(c) of the North Carolina Rules of Appellate Procedure, to determine whether sanctions provided by Rule 34(b)(2) or (b)(3) should be imposed."

5) that the brief filed in this appeal by the appellant, W. Horace Lowder, was 75 pages long, exclusive of index, appendix and attachments.

6) that despite this Court's notice to the parties that the hearing would be limited to sanctions, W. Horace Lowder argued again the matter of jurisdiction in his brief, orally and in the affidavit as to attorneys' fees.

Based on the findings, we conclude:

1. That this appeal was frivolous in that

a. the appeal was neither grounded in fact nor warranted by existing law nor was it a good faith argument for the extension, modification or reversal of existing law; and

b. this appeal has been filed with no purpose other than to delay compliance with orders of the trial court and incur needless expense.

2. That the appellant's brief of 75 pages filed in this appeal is a gross violation of Rule 28(j) of the North Carolina Rules of Appellate Procedure. See also N.C. App. R. 25.

3. That this frivolous appeal merits sanctions.

IT IS, HEREBY, ORDERED, ADJUDGED AND DECREED that after a hearing in compliance with Rule 34 of the North Carolina Rules of Appellate Procedure, the following sanctions are imposed:

1) that W. Horace Lowder shall pay to the Clerk of the Court of Appeals double costs. In addition to the $688.00 he has already paid, he shall pay $688.00 to the Clerk within ten days of this order.

LOWDER v. ALL STAR MILLS

[104 N.C. App. 305 (1991)]

2) that W. Horace Lowder shall pay to the Clerk of Superior Court of Stanly County for the use and benefit of the law firm of Moore & Van Allen attorneys' fees in the amount of $2,500.00.

3) that W. Horace Lowder shall within 30 days of the certifying of this Order and Judgment by the Clerk of the Court of Appeals pay in cash, or as may be satisfactory to the Clerk of Superior Court of Stanly County, a fine in the amount of $100,000.00 to the Clerk of Superior Court of Stanly County, North Carolina.

Nothing in this Order and Judgment is intended to diminish, replace or interfere with the exercise of contempt powers by the Superior Court of Stanly County to compel compliance with any or all previous orders of the Superior Court in this matter.

This Order and Judgment shall be recorded in the office of the Clerk of Superior Court, Stanly County, North Carolina and shall be enforced by the contempt powers of the Superior Court of Stanly County.

This the 27th day of September, 1991.

LEWIS, J.
For the Court

Judges EAGLES and GREENE concur.