## LOWDER v. LOWDER

[107 N.C. App. 115 (1992)]

MALCOLM M. LOWDER AND WIFE )
PATTY STIWELL LOWDER,                )
  PETITIONERS                             )
                           )
         v.                                      )   ORDER
                           )   AND
                           )   JUDGMENT
                           )
W. HORACE LOWDER AND WIFE,       )
JEANNE R. LOWDER, AND              )
LOIS L. HUDSON AND HUSBAND,      )
BILLY JOE HUDSON,                     )
  RESPONDENTS                           )

No. 9019SC1309

(Filed 21 July 1992)

This Court in an opinion published 21 April 1992 directed respondents to show cause in writing why they should not be sanctioned under N.C.R. App. P. 34 and 35 for this appeal. Respondents had sought to appeal both the trial court's denial of a "Motion to Delay Judgment and Hold in Abeyance" and the imposition of $700.00 in sanctions for filing the motion.

Following review of the record in this appeal, respondents' show cause briefs submitted pursuant to Rule 34(d), and past appeals in this matter, the Court finds that:

(1) respondents argue in this appeal that the trial court lacks jurisdiction and exceeds its authority by entering any order whatsoever, despite this Court's repeated rejection of this argument. *Lowder v. All Star Mills*, 100 N.C. App. 322, 396 S.E.2d 95, *disc. review denied*, 327 N.C. 636, 398 S.E.2d 869 (1990);

(2) respondents had petitioned the North Carolina Supreme Court for discretionary review concerning *Malcolm M. Lowder v. All Star Mills*, Stanly Co. 79CVS015, which respondents contend provided a good faith basis for this appeal;

(3) respondents failed to dismiss their appeal in this action following denial of their petition for discretionary review on 6 November 1991. *Lowder v. All Star Mills, Inc.*, 330 N.C. 196, 412 S.E.2d 679 (1991) (No. 365P91); and

(4) this appeal is a continuation of a series of vexatious appeals, see *Lowder v. Doby*, 68 N.C. App. 491, 315 S.E.2d 517, *disc.*

*review denied,* 311 N.C. 759, 321 S.E.2d 138 (1984), based upon a variety of arguments which have been repeatedly rejected by the North Carolina appellate courts since *Lowder v. All Star Mills*, Inc., 301 N.C. 561, 273 S.E.2d 247 (1981), *appeal after remand,* 60 N.C. App. 275, 300 S.E.2d 230, *aff'd in part, rev'd in part,* 309 N.C. 695, 309 S.E.2d 193 (1983), *reh'g denied,* 310 N.C. 749, 319 S.E.2d 266 (1984). *Lowder v. All Star Mills, Inc.,* 104 N.C. App. 305, 409 S.E.2d 94, *review denied,* 330 N.C. 118, 409 S.E.2d 595, *cert. denied,* 330 N.C. 196, 412 S.E.2d 679 (1991).

Based upon these findings, we conclude that:

(1) this appeal was frivolous in that it was not well grounded in fact, nor warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(2) this appeal was taken and pursued for the purpose of causing needless increase in the cost of litigation and delaying compliance with the trial court's judgment and order; and

(3) this frivolous appeal merits sanctions.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that after ordering respondents to show cause in writing why a sanction should not be imposed in compliance with Rule 34(d), the following sanctions are imposed upon respondents jointly and severally:

(1) respondents' appeal is hereby dismissed;

(2) respondents shall pay to the Clerk of the Court of Appeals double costs. In addition to the $321.00 respondents have already paid, they shall pay $321.00 to the Clerk within ten days of this order;

(3) respondents shall pay to the Clerk of Montgomery County Superior Court for the use and benefit of the law firm of Moore & Van Allen reasonable attorneys' fees in the amount of $2,500.00 within thirty days of this order; and

(4) respondents shall within thirty days of the certifying of this Order and Judgment by the Clerk of the Court of Appeals pay in cash, or as may be satisfactory to the Clerk of Montgomery County Superior Court, a fine in the amount of $100,000.00 to the Clerk of Superior Court of Montgomery County, North Carolina.

**LOWDER v. LOWDER**

[107 N.C. App. 115 (1992)]

Nothing in this Order and Judgment is intended to diminish, replace or interfere with the exercise of contempt powers by the Superior Court of Montgomery County to compel compliance with any or all previous orders of the Superior Court in this matter.

This Order and Judgment shall be recorded in the office of the Clerk of Superior Court, Montgomery County, North Carolina and shall be enforced by the contempt powers of the Superior Court of Montgomery County.

This the 21st day of July, 1992.

s/GERALD ARNOLD
For the Court

Judges LEWIS and WYNN concur.